UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NIVEA LENOIR, on behalf of herself and all other persons similarly situated known and unknown,<br><br>Plaintiffs,<br><br>v.<br><br>LITTLE CAESAR ENTERPRISES, INC.,<br><br>Defendant. | Civil Action No.<br><br>Removed from Circuit Court of Cook County, Illinois, Chancery Division, Case No. 2019CH01185 |

## Notice of Removal

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant Little Caesar Enterprises, Inc. ("LCE") provides notice of removal of Case No. 2019CH01185 in the Circuit Court of Cook County, Illinois, Chancery Division, to the United States District Court for the Northern District of Illinois. In support of removal, defendant LCE states as follows:

1. On January 29, 2019, plaintiff Nivea Lenoir filed suit on behalf of herself and a proposed class of similarly situated individuals against defendant LCE in the Circuit Court of Cook County, Illinois, Chancery Division. In the complaint, plaintiff alleges that LCE violated the Illinois Biometric Information Privacy Act ("BIPA") because LCE collected, stored, used, and disseminated the unique biometric fingerprint identifiers of plaintiff and others similarly situated without following the detailed requirements of BIPA, including failing to inform her in writing that LCE was collecting her fingerprint as well as failing to obtain her consent to do so. (*See* Complaint attached hereto as Exhibit 1.)

2. LCE was served on February 6, 2019. (*Id.*)

3. Removal is timely because this notice is filed within 30 days of service. *See* 28 U.S.C. § 1446(b)(1).

4. Removal to this Court is proper because it is "the district court of the United States for the district and division embracing the place where [plaintiff's] action is pending." 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 93(a)(1) (noting that Cook County is in the Eastern Division of the United States District Court for the Northern District of Illinois).

5. Removal is proper under 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.

6. Plaintiff Nivea Lenoir is an individual who lives in Cook County, Illinois. (Compl. ¶ 14; *see also Altom Transp., Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (7th Cir. 2016) ("A natural person is a citizen of the state in which she is domiciled).)

7. Defendant LCE is a Michigan corporation with its principal place of business in Detroit, Michigan. (Compl. ¶ 15; *see also Altom*, 823 F.3d at 420 ("A corporation is a citizen of any state in which it is incorporated, and the state where it has its principal place of business.").)

8. The amount in controversy exceeds $75,000. BIPA provides a private right of action to any person aggrieved by a violation of the statute and allows for potential damages of $1,000 for a negligent violation, $5,000 for a reckless violation, or actual damages, whichever is greater. (740 ILCS 14/20.) In the complaint, plaintiff seeks to represent a class of "employees who were required by Defendant to scan their fingerprints in Defendant's biometric time clock system in Illinois without their written consent" and notes that the class includes more than 40 members (Compl. ¶¶ 28, 30.) The class as proposed by plaintiff is potentially in excess of 1,500 individuals. Although LCE denies that plaintiff and the proposed class are entitled to any recovery, the complaint demonstrates that plaintiff seeks over $75,000 in monetary damages.

9.  Additionally, the allegations in plaintiff's complaint sufficiently satisfy the requirement that she have Article III standing in Federal Court.

10. Pursuant to Article III of the U.S. Constitution, federal jurisdiction is limited to actual cases or controversies. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), *as revised* (May 24, 2016). To ensure that the case-or-controversy limitation is respected, the Supreme Court has defined an "irreducible constitutional minimum of standing" that litigants who are seeking to avail themselves of the federal courts must meet. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). To meet those minimum requirements—that is, to have Article III standing to sue in federal court—"a plaintiff must have '(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.' " *Taylor v. McCament*, 875 F. 3d 849, 853 (7th Cir. 2017) (*quoting Spokeo*, 136 S. Ct. at 1547).

11. In the complaint, in addition to alleging other procedural violations, plaintiff alleges that LCE "disclos[ed] or otherwise disseminat[ed] Plaintiff's and the Class's fingerprints to Defendant's time-keeping vendor without first obtaining their consent for that disclosure or dissemination." (Compl. ¶ 48.) Judges analyzing allegations similar to those alleged by plaintiff, including Judges within this Court, have found that this allegation—dissemination of an individual's biometric information or identifier to a third-party without his or her knowledge and consent—is an alleged violation of the right to privacy and therefore is sufficiently concrete to constitute an injury in fact that supports Article III standing. *See Dixon v. Washington and Jane Smith Community, Beverly, et al.*, Case No. 17-C-8033, 2018 WL 2445292, at **9- 10 (N.D. Ill. May 31, 2018 (J. Kennelly) (denying plaintiff's motion to remand where plaintiff alleged defendant disclosed her fingerprint scan to third-party because the "alleged violation of plaintiff's

right to privacy in her biometric data is a sufficiently concrete injury for Article III standing"); *Patel v. Facebook, Inc.*, 290 F. Supp. 3d 948, 954 (N.D. Cal. 2018) (alleged violation of BIPA notice and consent provisions is a concrete injury in fact because it "infringes the very privacy rights the Illinois legislature sought to protect by enacting BIPA"); *Monroy v. Shutterfly, Inc.*, No. 16-C-10984, 2017 WL 4099846, at *8 n.5 (N.D. Ill. Sept. 15, 2017) (J. Gottschall) (plaintiff who alleged invasion of privacy along with procedural BIPA violations alleged sufficient injury in fact for standing purposes).

12. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders are attached to this notice. (*See* Exhibit 1 and 2 attached hereto.)

13. Pursuant to 28 U.S.C. § 1446(d), LCE shall promptly give plaintiff written notification of this removal notice and file a copy of the notice with the clerk of the Circuit Court of Cook County, Illinois.

Dated: March 5, 2019　　　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　*/s/ Lazar P. Raynal*_____
　　　　　　　　　　　　　　　　　　　　　　Lazar P. Raynal
　　　　　　　　　　　　　　　　　　　　　　IL State Bar No. 6199215
　　　　　　　　　　　　　　　　　　　　　　Stephen A. Swedlow
　　　　　　　　　　　　　　　　　　　　　　IL State Bar No. 6234550
　　　　　　　　　　　　　　　　　　　　　　Kaitlin P. Sheehan
　　　　　　　　　　　　　　　　　　　　　　IL State Bar No. 6313971
　　　　　　　　　　　　　　　　　　　　　　QUINN EMANUEL URQUHART &
　　　　　　　　　　　　　　　　　　　　　　SULLIVAN, LLP
　　　　　　　　　　　　　　　　　　　　　　191 N. Wacker Drive, Suite 2700
　　　　　　　　　　　　　　　　　　　　　　Chicago, IL 60606-1881
　　　　　　　　　　　　　　　　　　　　　　Telephone: (312) 705-7400
　　　　　　　　　　　　　　　　　　　　　　Fax: (312) 705-7401

　　　　　　　　　　　　　　　　　　　　　　**Counsel for Little Caesar Enterprises, Inc.**

## **CERTIFICATE OF SERVICE**

The undersigned attorney for Little Caesar Enterprises, Inc. hereby certifies that on March 5, 2019 a true and correct copy of the foregoing was filed via the Court's CM/ECF system, which will automatically serve and send notification of such filing to all registered attorneys of record.

*/s/ Kaitlin P. Sheehan*
Kaitlin Sheehan
Counsel for Little Caesar Enterprises, Inc.