# EXHIBIT 1

 **CT Corporation**

**Service of Process Transmittal**
02/06/2019
CT Log Number 534875352

**TO:** Kimberly Riccobono
Little Caesar Enterprises, Inc.
2211 Woodward Avenue, Fox Office Centre
Detroit, MI 48201-3400

**RE:** **Process Served in Illinois**

**FOR:** Little Caesar Enterprises, Inc. (Domestic State: MI)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | NIVEA LENOIR, ETC., PLTF. vs. LITTLE CAESAR ENTERPRISES, INC., DFT. |
| **DOCUMENT(S) SERVED:** | SUMMONS, COMPLAINT, ATTACHMENT(S) |
| **COURT/AGENCY:** | Cook County Circuit Court - County Department - Law Division, IL<br>Case # 2019CH01185 |
| **NATURE OF ACTION:** | Employee Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/06/2019 at 15:59 |
| **JURISDICTION SERVED:** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service of this Summons, not counting the day of service. |
| **ATTORNEY(S) / SENDER(S):** | Douglas M. Werman<br>WERMAN SALAS P.C.<br>77 West Washington<br>Suite 1402<br>Chicago, IL 60602<br>312-419-1008 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/07/2019, Expected Purge Date: 02/12/2019<br><br>Image SOP<br><br>Email Notification, Kimberly Riccobono kimberly.riccobono@LCECorp.com<br><br>Email Notification, Christine Gillespie Christine.Gillespie@LCEcorp.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604 |
| **TELEPHONE:** | 312-345-4336 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Return Date: No return date scheduled
Hearing Date: 5/29/2019 10:00 AM - 10:00 AM
Courtroom Number: 2410
Location: District 1 Court
    Cook County, IL

FILED
1/29/2019 10:58 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH01185

FILED DATE: 1/29/2019 10:58 AM 2019CH01185

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |

Summons - Alias Summons     (08/01/18) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

NIVEA LENOIR

(Name all parties)

v.

LITTLE CAESAR ENTERPRISES, INC.

Case No. 2019CH01185

☑ **SUMMONS**   ☐ **ALIAS SUMMONS**

To each Defendant: Little Caesar Enterprises, Inc., c/o Reg. Agent CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago IL. 60604

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org
Page 1 of 3

Summons - Alias Summons (08/01/18) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

FILED DATE: 1/29/2019 10:58 AM 2019CH01185

Atty. No.: 42031

Atty Name: Douglas M. Werman

Atty. for: Plaintiff

Address: 77 W. Washington Street, Suite 1402

City: Chicago

State: IL  Zip: 60602

Telephone: (312) 419-1008

Primary Email: dwerman@flsalaw.com

Witness: _____

1/29/2019 10:58 AM DOROTHY BROWN

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person):

Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org
Page 2 of 3

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

- ○ Richard J Daley Center
  50 W Washington
  Chicago, IL 60602

- ○ District 2 - Skokie
  5600 Old Orchard Rd
  Skokie, IL 60077

- ○ District 3 - Rolling Meadows
  2121 Euclid
  Rolling Meadows, IL 60008

- ○ District 4 - Maywood
  1500 Maybrook Ave
  Maywood, IL 60153

- ○ District 5 - Bridgeview
  10220 S 76th Ave
  Bridgeview, IL 60455

- ○ District 6 - Markham
  16501 S Kedzie Pkwy
  Markham, IL 60428

- ○ Domestic Violence Court
  555 W Harrison.
  Chicago, IL 60607

- ○ Juvenile Center Building
  2245 W Ogden Ave, Rm 13
  Chicago, IL 60602

- ○ Criminal Court Building
  2650 S California Ave, Rm 526
  Chicago, IL 60608

### Daley Center Divisions/Departments

- ○ Civil Division
  Richard J Daley Center
  50 W Washington, Rm 601
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ● Chancery Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Domestic Relations Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Civil Appeals
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Criminal Department
  Richard J Daley Center
  50 W Washington, Rm 1006
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ County Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Probate Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Law Division
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Traffic Division
  Richard J Daley Center
  50 W Washington, Lower Level
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

```
DOC.TYPE:     CHANCERY
CASE NUMBER:  2019CH01185
DEFENDANT
LITTLE CESAR ENTERPRISES INC
208 S LASALLE ST
CHICAGO, IL 60604
STE 814

DIE DATE
02/22/2019

SERVICE INF
RM 802

ATTACHED
```

Return Date: No return date scheduled
Hearing Date: 5/29/2019 10:00 AM - 10:00 AM
Courtroom Number: 2410
Location: District 1 Court
      Cook County, IL

FILED
1/29/2019 10:58 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH01185

FILED DATE: 1/29/2019 10:58 AM   2019CH01185

| 2120 - Served | 2121 - Served |
| --- | --- |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |

Summons - Alias Summons                                (08/01/18) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

NIVEA LENOIR

(Name all parties)   Case No. 2019CH01185

v.

LITTLE CAESAR ENTERPRISES, INC.

### ☑ SUMMONS   ☐ ALIAS SUMMONS

To each Defendant: Little Caesar Enterprises, Inc., c/o Reg. Agent CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago IL. 60604

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 1 of 3

Summons - Alias Summons (08/01/18) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

FILED DATE: 1/29/2019 10:58 AM 2019CH01185

Atty. No.: 42031

Atty Name: Douglas M. Werman

Atty. for: Plaintiff

Address: 77 W. Washington Street, Suite 1402

City: Chicago

State: IL  Zip: 60602

Telephone: (312) 419-1008

Primary Email: dwerman@flsalaw.com

Witness: _____

1/29/2019 10:58 AM DOROTHY BROWN

BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person):

FILED DATE: 1/29/2019 10:58 AM 2019CH01185

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

- ○ Richard J Daley Center
  50 W Washington
  Chicago, IL 60602

- ○ District 2 - Skokie
  5600 Old Orchard Rd
  Skokie, IL 60077

- ○ District 3 - Rolling Meadows
  2121 Euclid
  Rolling Meadows, IL 60008

- ○ District 4 - Maywood
  1500 Maybrook Ave
  Maywood, IL 60153

- ○ District 5 - Bridgeview
  10220 S 76th Ave
  Bridgeview, IL 60455

- ○ District 6 - Markham
  16501 S Kedzie Pkwy
  Markham, IL 60428

- ○ Domestic Violence Court
  555 W Harrison
  Chicago, IL 60607

- ○ Juvenile Center Building
  2245 W Ogden Ave, Rm 13
  Chicago, IL 60602

- ○ Criminal Court Building
  2650 S California Ave, Rm 526
  Chicago, IL 60608

### Daley Center Divisions/Departments

- ○ Civil Division
  Richard J Daley Center
  50 W Washington, Rm 601
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ⦿ Chancery Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Domestic Relations Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Civil Appeals
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Criminal Department
  Richard J Daley Center
  50 W Washington, Rm 1006
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ County Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Probate Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Law Division
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Traffic Division
  Richard J Daley Center
  50 W Washington, Lower Level
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

Return Date: No return date scheduled
Hearing Date: 5/29/2019 10:00 AM - 10:00 AM
Courtroom Number: 2410
Location: District 1 Court
Cook County, IL

12-Person Jury

FILED
1/29/2019 10:58 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH01185

FILED DATE: 1/29/2019 10:58 AM 2019CH01185

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| NIVEA LENOIR, on behalf of herself and and all other persons similarly situated known and unknown, | ) ) ) |
| Plaintiffs, | ) Case No. 2019CH01185 ) Judge |
| v. | ) ) |
| LITTLE CAESAR ENTERPRISES, INC. | ) **JURY TRIAL DEMANDED** ) |
| Defendant. | ) ) |

## CLASS ACTION COMPLAINT

Nivea Lenoir ("Plaintiff") files this Class Action Complaint ("Complaint") against Little Caesar Enterprises, Inc. ("Defendant") for violations of the Illinois Biometric Information Privacy Act.

### SUMMARY OF CLAIMS

1. Plaintiff has been employed at Defendant's Little Caesars pizza restaurant at 3225 West 47th Street, Chicago, Illinois from approximately July 2018 to the present.

2. During her employment, Defendant required Plaintiff and other employees to use a biometric time clock system to record their time worked.

3. Defendant required Plaintiff and other employees to scan their fingerprints in the biometric time clock when they started working a shift, stopped for a break, returned from a break, and finished working a shift.

4. Unlike an employee identification number or employee identification card, fingerprints are *unique* and *permanent* identifiers.

1

5. By requiring employees to use their fingerprints to record their time, instead of identification numbers or badges only, Defendant ensured that one employee could not clock in for another.

6. Thus, there's no question that Defendant benefited from using a biometric time clock.

7. But there's equally no question that Defendant placed employees at risk by using their biometric identifiers to "punch the clock."

8. In enacting the Biometric Information Privacy Act, the Illinois legislature recognized that biologically unique identifiers, like fingerprints, can never be changed when compromised, and thus subject a victim of identity theft to heightened risk of loss.

9. As a result, Illinois restricted private entities, like Defendant, from collecting, storing, using, or transferring a person's biometric identifiers and information without adhering to strict informed-consent procedures established by the Biometric Information Privacy Act.

10. Defendant collected, stored, used, and transferred the unique biometric fingerprint identifiers of Plaintiff and others similarly situated without following the detailed requirements of the Biometric Information Privacy Act.

11. As a result, Defendant violated the Biometric Information Privacy Act and compromised the privacy and security of the biometric identifiers and information of Plaintiff and others similarly situated.

**JURISDICTION AND VENUE**

12. This Court has personal jurisdiction over Defendant because, during the relevant time period, it did business in Illinois, was registered to do business in Illinois, and was involved in committing the statutory violations alleged in this Class Action Complaint in Illinois.

FILED DATE: 1/29/2019 10:58 AM 2019CH01185

13. Cook County is an appropriate venue for this litigation because Defendant does business in Cook County and because the events that gave rise to this lawsuit took place there.

**THE PARTIES**

14. Plaintiff is an individual who lives in Cook County, Illinois.

15. Defendant is a Michigan corporation with its principal of business in Detroit, Michigan.

**REQUIREMENTS OF THE BIOMETRIC PRIVACY INFORMATION ACT**

16. In enacting the Biometric Information Privacy Act, the Illinois legislature recognized that the full ramifications of biometric technology are not yet fully known and so the public will benefit from "regulations on the collection, use, safeguarding, handling, storage retention, and description of biometric identifiers and information." 740 ILCS 14/5(f)-(g).

17. The Biometric Information Privacy Act prohibits a "private entity" from capturing or collecting biometric identifiers or information from an individual unless that private entity first obtains the individual's written consent or employment-related release authorizing the private entity to capture or collect an individual's biometric identifiers and/or biometric information. 740 ILCS 14/15(b)(3).

18. Relatedly, the Biometric Information Privacy Act prohibits a private entity from capturing or collecting biometric identifiers or information from an individual unless that private entity first informs the individual, in writing, of the following: (a) that the private entity is collecting biometric identifiers or information, (b) the purpose of such collection, and (c) the length of time the private entity will retain the biometric identifiers or information. 740 ILCS 14/15(b)(1)(b).

3

19. In addition, the Biometric Information Privacy Act prohibits a private entity from possessing biometric identifiers or information unless it first creates a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of biometric identifiers and information. 740 ILCS 14/15(a).

20. Finally, the Biometric Information Privacy Act prohibits a private entity from disclosing or otherwise disseminating biometric identifiers or information without first obtaining an individual's consent for that disclosure or dissemination, unless the disclosure or dissemination was (a) in furtherance of an authorized financial transaction, (b) authorized by law, or (c) pursuant to a valid warrant or subpoena. 740 ILCS 14/15(d).

**BACKGROUND FACTS**

21. When Plaintiff scanned her fingerprints in Defendant's biometric time clock, her fingerprints – or a geometric representation of her fingerprints – were collected by Defendant and disseminated and disclosed to Defendant's time-keeping vendor.

22. Defendant never provided Plaintiff any written materials about its collection, retention, destruction, use, or dissemination of her fingerprints.

23. Defendant never obtained Plaintiff's written consent, or release as a condition of employment, before collecting, storing, disseminating, or using her fingerprints.

24. Defendant violated Plaintiff's privacy by capturing or collecting her unique biometric identifiers and information and sharing those identifiers and information with its time-keeping vendor, without her consent.

25. Defendant diminished the value of Plaintiff's biometric identifiers and information by storing them without publishing data retention and destruction policies required by the

4

Biometric Information Privacy Act.

26. Based on Defendant's violations of the informed-consent and data destruction/retention publishing policies of the Biometric Information Privacy Act, Plaintiff experiences emotional distress over whether Defendant is currently storing, or will eventually dispose of, her biometric identifiers and information securely.

27. Plaintiff also experiences emotional distress because she recognizes that she will not learn of any data breach that compromises her biometric identifiers and information until *after* that data breach has occurred.

### CLASS ACTION ALLEGATIONS

28. Plaintiff seeks to represent a class of employees who were required by Defendant to scan their fingerprints in Defendant's biometric time clock system in Illinois without their written consent ("the Class").

29. Plaintiff and the Class are similar to one another because they were all subject to the same allegedly illegal practices: being required to scan their fingerprints in a biometric time clock system despite Defendant failing to adhere to the requirements of the Biometric Information Privacy Act.

30. The Class includes more than 40 members.

31. As a result, the Class is so numerous that joining of all class members in one lawsuit is not practical.

32. The issues involved in this lawsuit present common questions of law and fact, including: whether Defendant required the Class use their fingerprints to clock in and out during shifts; whether the Class's fingerprints qualify as "biometric identifiers" or "biometric information" under the Biometric Information Privacy Act; and whether Defendant complied with

5

FILED DATE: 1/29/2019 10:58 AM   2019CH01185

the procedures of the Biometric Information Privacy Act.

33. These common questions of law and fact predominate over the variations that may exist between members of the Class, if any.

34. Plaintiff, the members of the Class, and Defendant have a commonality of interest in the subject matter of the lawsuit and the remedy sought.

35. If individual actions were required to be brought by each member of the Class injured or affected, the result would be a multiplicity of actions, creating a hardship to the Class, to the Court, and to Defendant.

36. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of the lawsuit and distribution of the common fund to which the Class are entitled.

37. The books and records of Defendant are material to Plaintiff's case as they disclose how and when Plaintiff and the Class scanned their fingerprints in Defendant's biometric time clock system and what information Defendant provided Plaintiff and the Class about the collection, retention, use, and dissemination of their biometric identifiers and information.

38. Plaintiff and her counsel will fairly and adequately protect the interests of the Class.

39. Plaintiff retained counsel experienced in complex class action litigation.

### COUNT I
### Violation of the Biometric Information Privacy Act
### (Class Action)

40. Plaintiff realleges and incorporates the previous allegations of this Complaint.

41. Defendant is a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

42. Plaintiff's and the Class's fingerprints qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

6

43. Defendant has "biometric information" from Plaintiff and the Class based on its acquisition and retention of Plaintiff's and the Class's "biometric identifier[s]," as defined in the previous paragraph.

44. Defendant violated the Biometric Information Privacy Act by capturing or collecting Plaintiff's and the Class's fingerprints without first informing them in writing that Defendant was doing so.

45. Defendant violated the Biometric Information Privacy Act by capturing or collecting Plaintiff's and the Class's fingerprints without first informing them in writing of the purpose of Defendant doing so and the length of time Defendant would store and use Plaintiff's and the Class's biometric identifiers and/or biometric information.

46. Defendant violated the Biometric Information Privacy Act by capturing or collecting Plaintiff's and the Class's fingerprints without first obtaining their written consent or other release authorizing Defendant to capture or collect Plaintiff's and the Class's biometric identifiers and/or biometric information.

47. Defendant violated the Biometric Information Privacy Act by possessing Plaintiff's and the Class's fingerprints without creating a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of biometric identifiers and information.

48. Defendant violated the Biometric Information Privacy Act by disclosing or otherwise disseminating Plaintiff's and the Class's fingerprints to Defendant's time-keeping vendor without first obtaining their consent for that disclosure or dissemination.

49. Defendant knew or should have known of the requirements of the Biometric Information Privacy Act.

FILED DATE: 1/29/2019 10:58 AM 2019CH01185

50. As a result, Defendant's violations of the Biometric Information Privacy Act were reckless or, in the alternative, negligent.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendant as follows:

A. Awarding liquidated monetary damages to Plaintiff and the Class for each violation of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2);

B. Enjoining Defendant from committing further violations of the Biometric Information Privacy Act as authorized by 740 ILCS 14/20(4);

C. Awarding Plaintiff's reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by 740 ILCS 14/20(3); and

D. Such other and further relief as this Court deems appropriate and just as provided by 740 ILCS 14/20(4).

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

Dated: January 29, 2019

/s/ Douglas M. Werman
One of Plaintiff's Attorney

Douglas M. Werman (dwerman@flsalaw.com)
Zachary C. Flowerree (zflowerree@flsalaw.com)
**WERMAN SALAS P.C.**
77 West Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

8

```
*03003641*

DOC.TYPE:     CHANCERY
CASE NUMBER:  2019CH01185
DEFENDANT
LITTLE CESAR ENTERPRISES INC
208 S LASALLE ST
CHICAGO, IL 60604
STE 814

DIE DATE
02/22/2019

SERVICE INF
RM 802

ATTACHED
```