IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NIVEA LENOIR, on behalf of herself and all other persons similarly situated, known and unknown, | ) ) ) ) | Case No. 1:19-cv-01575 |
| Plaintiff, | ) ) | Judge Dow |
| v. | ) ) ) | |
| LITTLE CAESAR ENTERPRISES, INC., | ) ) | |
| Defendant. | ) | |

**JOINT INITIAL STATUS REPORT**

A. <u>Attorneys of Record</u>

    **Plaintiff's Attorneys:**
    Douglas M. Werman*
    Maureen A. Salas
    Sarah J. Arendt
    Zachary C. Flowerree
    Werman Salas P.C.
    77 W. Washington, Suite 1402
    Chicago, IL 60602
    (312) 419-1008

    **Defendant's Attorneys:**
    Lazar P. Raynal*
    Stephen Swedlow
    Kaitlin P. Sheehan
    Quinn Emanuel Urquhart & Sullivan, LLP
    191 N. Wacker Dr., Suite 2700
    Chicago, IL 60606
    (312) 705-7400

    *Indicates lead trial attorney

B. <u>Basis for Federal Jurisdiction</u>

    In its Notice of Removal, Defendant has alleged that this Court has diversity jurisdiction over Plaintiff's claim because the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

C. <u>Nature of the Claim</u>

Plaintiff asserts a class action claim alleging violations of the Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.*, for Defendant's alleged collection, possession, and dissemination of Plaintiff's biometric identifiers and information through use of a finger scan time-keeping system.

D. <u>Name of any Party who has not been Served</u>

None.

E. <u>Principal Legal Issues</u>

(i) Whether Defendant collected Plaintiff's and the potential class's biometric identifiers or information through its finger scan time-keeping system.

(ii) Whether Defendant collected Plaintiff's and the potential class's biometric identifiers and information in some manner contrary to the procedures in 740 ILCS 14/15(b).

(iii) Whether Defendant possessed Plaintiff's and the potential class's biometric identifiers or information in some manner contrary to the retention/destruction policy as required by 740 ILCS 14/15(a).

(iv) Whether Defendant disseminated Plaintiff's and the proposed class's biometric identifiers or information to its time-keeping/payroll vendor in some manner contrary to the requirements in 740 ILCS 14/15(d).

(v) Whether Defendant's alleged violations of the BIPA were negligent, intentional, or reckless under 740 ILCS 14/20.

(vi) Whether Plaintiff or the proposed class are entitled to any damages.

(vii) Whether Plaintiff and the potential class consented to the collection of the alleged biometric data.

(viii) Whether Plaintiff and the potential class has waived any potential claims under BIPA.

(ix) Whether Plaintiff and the potential class are estopped from bringing the alleged claims against Defendant.

(x) Whether this case is appropriate as a class action.

(xi) Whether Plaintiff is an appropriate class representative.

    (xii)    Whether Plaintiff's and the potential class's claims are barred or preempted by the Illinois Workers Compensation Act.

F.    Principal Factual Issues

    (i)    Whether Defendant required Plaintiff and the potential class to use a finger scan time-keeping system in Illinois.

    (ii)    Whether Defendant's finger scan time-keeping system collected biometric identifiers and/or biometric information from Plaintiff and the potential class.

    (iii)    Whether Defendant stored Plaintiff's and the potential class's biometric identifiers and/or biometric information.

    (iv)    Whether Defendant disseminated Plaintiff's and the potential class's biometric identifiers and/or biometric information to its time-keeping or payroll vendor.

G.    Jury Demand

Plaintiff's Class Action Complaint, filed in the Circuit Court of Cook County and removed to this Court by Defendant, includes a jury demand.

H.    Discovery

The parties have not engaged in any discovery. The parties wish to engage in settlement discussions before initiating discovery. They request 45 days to do so. The parties request that the Court set a status after that date to establish a schedule for class and merits discovery. The parties anticipate that they can complete class-related discovery in 150 days. After the Court rules on class certification, the parties request that the Court establish a schedule for merits discovery. The parties estimate that they can complete merits discovery, including expert discovery, in 150 days.

I.    Trial

The parties estimate that the earliest the case could be ready for trial is October 2020. The parties estimate that the trial will take seven days.

J.    Consent to Proceed Before a Magistrate Judge

There is not unanimous consent to proceed before a United States Magistrate Judge.

K.    Status of Settlement Discussions

The Parties have agreed to participate in early settlement discussions. They expect to start those discussions on Monday, May 6, 2019.

L.      Settlement Conference

      Initially the parties are going to attempt to negotiate a settlement amongst themselves. If however, it becomes clear that a neutral third-party would be advantageous to the settlement process, the parties will contact the court and request a settlement conference.

Dated: April 15, 2019                        Respectfully submitted,

| /s/Zachary C. Flowerree | /s/Kaitlin P. Sheehan (with consent) |
|---|---|
| Douglas M. Werman | Lazar P. Raynal |
| Maureen A. Salas | Stephen Swedlow |
| Sarah J. Arendt | Kaitlin P. Sheehan |
| Zachary C. Flowerree | Quinn Emanuel Urquhart & Sullivan, LLP |
| Werman Salas P.C. | 191 N. Wacker Dr., Suite 2700 |
| 77 W. Washington Street, Suite 1402 | Chicago, IL 60606 |
| Chicago, Illinois 60602 | (312) 705-7400 |
| (312) 419-1008 | |
| **Attorneys for Plaintiff** | **Attorneys for Defendant** |