UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIANNA STARTS, on behalf of herself and all other persons similarly situated known and unknown,<br><br>    Plaintiffs,<br><br>v.<br><br>LITTLE CAESAR ENTERPRISES, INC.,<br><br>    Defendant. | Civil Action No. 1:19-CV-01575<br><br>Judge Robert M. Dow, Jr. |

**DEFENDANT LITTLE CAESAR ENTERPRISES, INC.'S**
**MOTION TO STAY PROCEEDINGS**

  Defendant Little Caesar Enterprises, Inc.'s ("LCE") respectfully requests that this Court stay proceedings until the Seventh Circuit, the Illinois Appellate Court, and the Illinois Supreme Court issue impending decisions that will have a significant impact on class certification proceedings. LCE believes consideration of its request is appropriate in view of an April 9, 2021 opinion granting a highly similar request. *See Herron v. Gold Standard Baking, Inc.*, No. 20-CV-07469, 2021 WL 1340804, at *4-5 (N.D. Ill. Apr. 9, 2021) (granting stay "pending the Illinois Appellate Court's decisions in *Tims* and *Marion*, and pending the Seventh Circuit's decision in *White Castle*.")

  The pending rulings in: (1) *McDonald v. Symphony Bronzeville*, Il. S. Ct., Case No. 126511; (2) *Tims v. Blackhorse Carriers, LLC*, Ill. App. Ct., Case No. 20-0563 (1st Dist.); and (3) *Cothron v. White Castle Systems, Inc.*, Case No. 20-3202 (7th Cir.) will dramatically shape the remainder of this lawsuit and class certification proceedings. As a result, this Court should grant LCE's request for a stay for three reasons. *First*, staying this case in its entirety pending the

resolution of these appeals would "provide much needed clarity" and "simplify the issues in question" regarding Plaintiff's claims and class certification proceedings. *See e.g., Herron*, 2021 WL 1340804, at \*4-5. *Second*, a stay will "reduce the burden of litigation on the Parties and on the court" as the pending decisions could bar Plaintiff's claims and drastically limit the size of the putative class. *Id.* at \*4. *Third*, a modest delay to litigation pending the appeals before the Seventh Circuit, the Illinois Appellate Court, and the Illinois Supreme Court will not prejudice Plaintiff.

## RELEVANT BACKGROUND

On January 29, 2019, former Plaintiff Nivea Lenoir[1] ("Lenoir") brought this putative Class Action Complaint alleging that Defendant LCE collected, obtained, used, and/or stored biometric data of the Plaintiffs in violation of Illinois' Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq*. (Dkt. 1-1, Compl. at 10-17.) LCE subsequently moved to dismiss Ms. Lenoir's Complaint on April 12, 2019. (Dkt. 14.) On August 21, 2019, former Plaintiff Lenoir filed a First Amended Complaint ("FAC") adding Plaintiff Brianna Starts ("Starts" or "Plaintiff") (Dkt. 25.) Employed at LCE from February 2018 to July/August 2018, Starts alleges that throughout her employment, she scanned her "fingerprint" as an authentication method to allow herself to clock-in and clock-out at an LCE's location in Illinois.[2] (*Id.* ¶¶ 2-12.) Plaintiff Starts "seek[s] to represent a class" of LCE's employees that allegedly "scanned their fingerprints in Defendant's

---

[1] On April 28, 2021, LCE deposed former Plaintiff Lenoir. During her deposition and in her previously served sworn interrogatory responses, Ms. Lenoir failed to answer accurately and truthfully about her prior criminal convictions, including one for identity theft. (*See* Ex. 1, May 19, 2021 K. Sheehan Email to Z. Flowerree at 3-4.) As a result, on May 24, 2021, the Parties "stipulate[d] to dismissal *with prejudice* of Plaintiff Nivea Lenoir's claims." (Dkt. 65) (emphasis in original). Plaintiff Starts continues to pursue her claims. (*Id.*)

[2] LCE disputes Plaintiff's claims. The use of the term "biometric," "fingerprint" or "finger scan" in this motion is not a concession that any data falls within BIPA, and LCE reserves any and all arguments regarding the nature of scans at issue in this lawsuit.

2

biometric time clock system in Illinois between January 29, 2014 and the present without first executing a written consent." (*Id.* at ¶ 30.) The FAC seeks monetary damages, injunctive relief, and attorneys' fees. (*Id.* at ¶ 52.)

The deadline for the Parties to complete class discovery closed on May 21, 2021. (Dkt. 64.) After the Parties completed the depositions of Lenoir, Starts, and LCE's Fed. R. Civ. P. 30(b)(6) depositions, LCE informed Plaintiff of their intent to seek a stay and "hold off on class certification briefing in deference to some of the currently pending appeals before the Illinois Appellate Court, Illinois Supreme Court, and Seventh Circuit" related to issues that will impact class certification. (Ex. 1, May 19, 2021 K. Sheehan Email to Z. Flowerree at 2.) On May 19, 2021, counsel for Plaintiff notified counsel for LCE that Plaintiff "oppose[d] any request to stay the case." (*Id.* at 1) On June 3, 2021, the Court ordered the Parties to "file comprehensive joint status report" in "view of the stipulation of dismissal as to Plaintiff Lenoir … and the May 21, 2021 deadline to complete class discovery[.]" (Dkt. 66.)

It is anticipated that pending appeals before the Illinois Supreme Court, the Illinois Appellate Court, and the Seventh Circuit will inform this Court's analysis of the issues presented in future class certification proceedings. In *McDonald v. Symphony Bronzeville Park, LLC*, Case No. 126511 (appeal granted January 27, 2021), the Illinois Supreme Court accepted the defendant's petition for leave to appeal to resolve whether BIPA claims brought by employees against their employers are preempted by the Illinois Workers' Compensation Act. (*See* Ex. 2, Order granting *McDonald* appeal.) In *Tims v. Black Horse Carriers, Inc.*, Case No. 1-28-0563 (appeal granted April 23, 2020), the First District Illinois Appellate Court will decide whether a one-year or five-year statute of limitations applies to BIPA claims. (*See* Ex. 3, Order granting

3

*Tims* appeal.) ³ And in *Cothron v. White Castle Sys., Inc.*, Case No. 20-3202 (appeal granted Nov. 9, 2020), the Seventh Circuit granted an interlocutory appeal to decide when claims under Sections 15(b) and 15(d) of BIPA accrue—specifically whether alleged BIPA violations accrue each time a person submits a biometric scan or only the first time. (*See* Ex. 4, Order granting *Cothron* appeal.)

## ARGUMENT

This Court, like all district courts, "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Munson v. Butler*, 776 F. App'x 339, 342 (7th Cir. 2019). In deciding whether to grant a stay, courts "balance the competing interests of the parties and the interest of the judicial system." *Markel Am. Ins. Co. v. Dolan*, 787 F. Supp. 2d 776, 779 (N.D. Ill. 2011) (citation omitted). This balancing act includes consideration of three main factors: "(1) whether a stay will simplify the issues in question and streamline the trial; (2) whether a stay will reduce the burden of litigation on the parties and on the court; and (3) whether a stay will unduly prejudice or tactically disadvantage the non-moving party." *In re Groupon Derivative Litig.*, 882 F. Supp. 2d 1043, 1045 (N.D. Ill. 2012) (citations omitted).

### I.  A stay will provide clarity and simplify class certification issues.

This Court should stay proceedings until the Seventh Circuit, Illinois Appellate Courts, and Illinois Supreme Court decide the statute of limitations issues currently under consideration on

---

³ In *Marion v. Ring Container Technologies, LLC*, Case No. 3-20-0184 (appeal granted July 21, 2020), the Third District Illinois Appellate Court will also decide whether a one-year, two-year, or five-year statute of limitations applies to BIPA claims. The appeal in *Marion* is stayed pending the Illinois Supreme Court's opinion in *McDonald v. Symphony Bronzeville Park, LLC*, No. 126511, wherein the court will decide whether BIPA claims brought by employees against their employers are preempted by the Illinois Workers' Compensation Act.

appeal. The appeals in *Tims* and *Cothron* have the potential to vastly influence the size of the class, as their combined outcome could limit or even eliminate putative class members' claims. Efforts to litigate the issue of class certification make little sense while unanswered legal questions are being considered by the Illinois Supreme Court, Illinois Appellate Court, and the Seventh Circuit. These unanswered legal questions will directly impact any class that Plaintiff could try to certify. In short, the *Tims* and *Cothron* decisions will "simplif[y]" and provide "clarity" to the statute of limitations' issue that will impact class certification proceedings. *See Herron*, 2021 WL 1340804, at *4-5.

If the Illinois Appellate Court in *Tims*[4] holds that BIPA claims are governed by a one-year statute of limitations and the Seventh Circuit in *Cothron* holds that only the initial collection of biometric data constitutes a violation of BIPA, this would significantly shrink the putative class. Plaintiff currently "seek[s] to represent a class" of LCE's employees that allegedly "scanned their fingerprints in Defendant's biometric time clock system in Illinois between January 29, 2014 and the present without first executing a written consent." (Dkt. 25 at ¶ 30.) If the *Tims* and *Cothron* decisions limit the statute of limitations to one year, this would shrink the putative class size significantly. Plaintiff could only seek to recover for claims dating back to January 29, 2018 (one year prior to Plaintiff's original complaint) as opposed to January 29, 2014 (five years prior to Plaintiff's original complaint).

The appellate courts' decisions will "simplify" class certification—thus warranting a stay. *See Herron*, 2021 WL 1340804, at *4 (ruling that *Tims* decision will "simplify the issues in

---

[4] A decision on the statute of limitations by the Illinois Appellate Court would likely bind this Court. *See Vaughan*, 2020 WL 6262359, at *2 ("The Supreme Court of Illinois has not yet weighed in on the applicable statute of limitations for BIPA claims, so the Illinois Appellate Court's decision . . . would likely be binding here.") (citing *Nationwide Agribusiness Ins. Co. v. Dugan*, 810 F.3d 446, 450 (7th Cir. 2015)).

question"); *Donets v. Vivid Seats LLC*, No. 20-CV-03551, 2020 WL 9812033, at *2-3 (N.D. Ill. Dec. 15, 2020) (finding a stay "appropriate … pending the [] Illinois Appellate Court decisions on the applicable statute of limitations" and the Seventh Circuit's [] decision on when an injury occurs under BIPA."); *Bell v. SDH Servs. W., LLC*, No. 1:20-cv-03181, Dkt No. 22 at 3 (N.D. Ill. Aug. 27, 2020) (granting a stay pending *Tims* because a ruling "could streamline discovery and class certification proceedings"); *Vaughan v. Biomat USA, Inc.*, No. 1:20 CV 04241, 2020 WL 6262359, at *3 (N.D. Ill. Oct. 23, 2020) (staying "proceedings pending the Illinois Appellate Court's decision in *Tims*"); *Roberson v. Maestro Consulting Serv LLC*, No. 20-CV-00895-NJR, 2021 WL 1017127, at *2 (S.D. Ill. Mar. 17, 2021) (granting stay pending decisions in *Tims* and *Cothron* because they could control the timeliness issue and guide the parties' positions in the litigation); *Wilson v. American Stair Corp. Inc.*, No. 20-cv-7321, Dkt. 10 (N.D. Ill. Feb. 22, 2021) (granting stay pending the decision in *Tims*); *Kyles v. Hoosier Papa LLC*, No. 20-cv-7146, Dkt. 22 (N.D. Ill. Mar. 4, 2021) (granting stay pending decision in *Cothron*); *Jenkins v. Regal Cinemas, Inc.*, 20-cv-3782, Dkt. 32 (N.D. Ill. Dec. 1, 2020) (granting stay pending decision in *Cothron*).

## II. A stay will reduce the burden of litigation on the Parties and Court.

A stay in this case pending the ongoing BIPA appellate activity will also narrow the issues that this Court will address, even if the dispositions of the appeals do not decide this case entirely. Granting a stay is particularly appropriate where doing so will "avoid unnecessary litigation of the same issues." *Munson*, 776 F. App'x at 342.

As other district courts have already concluded, staying a case pending the appeals courts' decisions in *Cothron* and *Tims* will preserve time and resources the Parties would otherwise expend drafting and arguing motions on class certification issues. *See, e.g., Herron*, 2021 WL 1340804, at *4 (a stay based on BIPA appeals warranted because it could "reduce the burden of

6

litigation on the parties and on the court."); *Roberson*, 2021 WL 1017127, at *2 (staying a case pending *Cothron* and *Tims* because a Seventh Circuit holding that BIPA claims accrue on initial use "may dispose of [plaintiffs'] claim if the Illinois Appellate Court were to hold that a one-year statute of limitation applies."); *Kyles v. Hoosier Papa LLC*, No. 1:20-cv-07146, Dkt. 22 (N.D. Ill. Mar. 4, 2021) ("[t]he Court agrees that definitive rulings from the Seventh Circuit . . . likely will help streamline the issues in this case"); *Varnado v. W. Liberty Foods*, No. 20-CV-2035, 2021 WL 545628, at *2 (N.D. Ill. Jan. 5, 2021) (staying a BIPA case pending the appeal in *Tims* "significantly advance[s] judicial economy" because a one-year statute of limitations would dispose of the case); *Donets*, 2020 WL 9812033, at *3 (a stay based on *Tims* and *Cothron* warranted after "taking into account the economies to be gained" by a stay); *see also Jenkins v. Regal Cinemas, Inc.*, No. 1:20-cv-03782, Dkt. 32 (N.D. Ill. Dec. 1, 2020) (partial stay of case pending *Cothron*).

Moreover, the Illinois Supreme Court's decision in *McDonald v. Symphony Bronzeville Park, LLC* could reduce the burden of litigation on the Parties and the court by resolving with finality whether the exclusive remedy of the Illinois Workers' Compensation Act bars an employee's BIPA claims against their employers. As a result, the Illinois Supreme Court's clarification of this issue has a direct bearing on this case and future class certification proceedings. If the Illinois Workers' Compensation Act indeed bars Plaintiff's claims, any effort and expense spent on litigating Plaintiff's claims would be a waste.

### III. Staying the case does not prejudice Plaintiff.

Lastly, while the stay would simplify issues and reduce burden on all involved, Plaintiff or the other putative class members will not be unduly prejudiced or tactically disadvantaged by a modest delay in the litigation.

On May 21, 2021, the deadline for the Parties to complete class discovery closed. Dkt. 64. The Parties anticipate briefing class certification issues in the future, but Plaintiff has not yet filed any motion for class certification. However, as explained above, the impending appellate courts decisions will have a significant impact on class certification proceedings. Plaintiff may simply file for class certification after the appellate court issue their opinions. Accordingly, it would be duplicitous to brief class certification before the appellate courts issue their decisions, only to potentially re-do it again. Plaintiff suffers no harm from filing her class certification brief after rulings from the appellate courts.

Indeed, courts in this district have repeatedly held that any prejudice resulting from such a delay is not undue, particularly in view of a stay's benefit in terms of simplifying issues and reducing burden. *See, e.g.*, *Herron*, 2021 WL 1340804, at *5 (rejecting plaintiff's "unduly prejudiced" arguments); *Vaughan*, 2020 WL 6262359, at *2 (finding that a stay limited in duration was unlikely to prejudice non-moving party); *Donets*, 2020 WL 9812033, at *3 (concluding that plaintiff's "concerns do not justify denying [defendant's] request for a stay, taking into account the economies to be gained from staying this litigation" and granting a stay pending *Cothron* and *Tims*); *see also Varnado*, 2021 WL 545628, at *2 (staying a BIPA case pending the appeal in *Tims* because "[defendant's] concerns do not outweigh the judicial economy of staying these proceedings under the circumstances").

## **CONCLUSION**

For the reasons discussed above, LCE respectfully requests that the Court enter an order staying all proceedings in this action pending decisions in: (1) *McDonald v. Symphony Bronzeville*, Il. S. Ct., Case No. 126511; (2) *Tims v. Blackhorse Carriers, LLC*, Ill. App. Ct., Case No. 20-0563 (1st Dist.); and (3) *Cothron v. White Castle Systems, Inc.*, Case No. 20-3202 (7th Cir.).

| | |
|---|---|
| Dated: June 10, 2021 | Respectfully Submitted,<br><br>*/s/ Kaitlin P. Sheehan*_____<br>Lazar P. Raynal<br>Stephen A. Swedlow<br>Kaitlin P. Sheehan<br>David Lakin<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606-1881<br>Telephone: (312) 705-7400<br>Fax: (312) 705-7401<br><br>**Counsel for Little Caesar Enterprises, Inc.** |

## **CERTIFICATE OF SERVICE**

The undersigned attorney for Little Caesar Enterprises, Inc. hereby certifies that on June 10, 2021 a true and correct copy of the foregoing was filed via the Court's CM/ECF system, which will automatically serve and send notification of such filing to all registered attorneys of record.

*/s/ Kaitlin P. Sheehan*
Kaitlin Sheehan
Counsel for Little Caesar Enterprises, Inc.