IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRIANNA STARTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 19-cv-1575 |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| LITTLE CAESAR ENTERPRISES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

For the reasons stated below, Defendant's motion to stay [67] is granted. This case is stayed pending the courts' decisions in *McDonald v. Symphony Bronzeville*, Case No. 126511 (Ill. Sup. Ct.), *Tims v. Blackhorse Carriers, LLC*, Case No. 20-0563 (Ill. App. Ct. 1st Dist.), and *Cothron v. White Castle Systems, Inc*., Case No. 20-3202 (7th Cir.). The parties are directed to file a joint status report after each of the three cases is decided.

## STATEMENT

In this proposed class action, Plaintiff Brianna Starts ("Plaintiff") brings suit against Defendant Little Caesar Enterprises, Inc. ("Defendant") for alleged violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.* ("BIPA"). The governing first amended complaint [25] alleges that Defendant violated BIPA by: capturing and collecting Plaintiff's and the proposed class members' biometric identifiers and information without first obtaining their consent or informing them in writing why Defendant was collecting the data or how long it would be kept; (2) failing to create a written policy establishing a retention schedule and destruction guidelines for its possession of the data; and (3) disseminating the data to Defendant's time-keeping vendor without consent. Plaintiff seeks to represent a class of Defendant's employees who allegedly scanned their fingerprints in Defendant's biometric time clock system in Illinois between January 29, 2014 and the present without first executing a written consent.

The parties have recently completed class discovery. The next stage of the case will be class certification briefing. Defendant moves to stay this briefing, and the litigation more generally, pending rulings by: (1) the Illinois Supreme Court in *McDonald v. Symphony Bronzeville*, Case No. 126511, which will resolve whether BIPA claims brought by employees against their employers are preempted by the Illinois Workers' Compensation Act; (2) the Illinois Appellate Court, First District, in *Tims v. Blackhorse Carriers, LLC*, Case No. 20-0563, which will decide whether a one-year or five-year statute of limitations applies to BIPA claims; and (3) the Seventh Circuit in *Cothron v. White Castle Systems, Inc., *Case No. 20-3202, which will decide whether claims brought under § 15(b) and (d) of BIPA accrue each time a person submits a biometric scan or only the first time. According to Defendant, these rulings will "dramatically

shape the remainder of this lawsuit and class certification proceedings." [67] at 1. Plaintiff opposes a stay.

The Court has inherent authority to stay proceedings where "the party seeking the stay would be spared 'hardship or inequity,' the prejudice to the non-movant would be comparatively minor, and the stay would significantly advance judicial economy." *Freed v. Friedman*, 215 F. Supp. 3d 642, 658 (N.D. Ill. 2016) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)). "Courts generally consider three factors when determining whether to grant a stay: (1) whether a stay will simplify the issues in question and streamline the trial; (2) whether a stay will reduce the burden of litigation on the parties and on the court; and (3) whether a stay will unduly prejudice or tactically disadvantage the non-moving party." *In re Groupon Derivative Litigation*, 882 F. Supp. 2d 1043, 1045 (N.D. Ill. 2012). If there is a fair possibility the stay will damage the non-movant, the movant must make out a clear case of hardship or inequity. *Id*.

The Court agrees with Defendant that the three factors weigh in favor of a stay and, therefore, grants Defendant's motion. Staying the case pending the appellate courts' decisions would simplify and streamline further proceedings and, in turn, reduce the burden of litigation on the parties and the Court during the class certification phase and beyond. The Illinois Supreme Court's forthcoming decision in *McDonald* will resolve with finality whether the exclusive remedy of the Illinois Workers' Compensation Act bars employees' BIPA claims against their employers. Plaintiff argues that this does not justify a stay, because this Court already determined at the motion to dismiss stage that the Workers' Compensation Act does not bar BIPA claims against employers and other trial courts to consider the issue have ruled the same. However, when the Court issued its decision on the motion to dismiss, only trial courts had weighed in on the issue. See [50] at 10. The Illinois Supreme Court has the final say on the interpretation of Illinois law. *In re Emerald Casino, Inc.*, 867 F.3d 743, 765 (7th Cir. 2017) ("When applying state law, federal courts are bound by the decisions of the state's highest court."). Given that *McDonald* has already been fully briefed and argued,[1] the Court sees little reason to rush forward with class certification until the Illinois Supreme Court has ruled on this potentially dispositive issue of law.

The appeals in *Tims* and *Cothron* also have the potential to substantially reduce the size of any class that is certified by clarifying whether a one- or five-year statute of limitations applies to BIPA actions and when those claims accrue—either the first time an employer collects an employee's biometric identifiers and information, or each time an employee collects such data. The complaint, as it currently stands, seeks to certify a class that includes claims going back to 2014. Depending on how *Tims* and *Cothron* are resolved, some of the proposed classes' claims may be time barred and it will be unnecessary to send class notice to those individuals. Plaintiff points out that the decisions in *Tims* and *Cothron* will not resolve this litigation in full. Nonetheless, they will streamline the issues that the parties and the Court must address during class certification and beyond, which weighs in favor of a stay. See, e.g., *Donets v. Vivid Seats*, Case No. 20-cv-3551, Dkt. 37 at 3-4 (N.D. Ill. Dec. 15, 2020) (finding that, "[r]egardless of whether it disposes of the case, the Seventh Circuit's decision will impact the size of the class" in plaintiff's BIPA action and concluding that a stay was warranted); *Kyles v. Hoosier Papa LLC*, Case No. 20-cv-7146, Dkt. 22 (N.D. Ill. Mar. 4, 2021) ("The Court agrees that definitive rulings

---

[1] See https://www.illinoiscourts.gov/courts/supreme-court/judicial-events/illinois-judicial-events-virtual-riding-the-circuit/ (last visited Oct. 7, 2021).

from the Seventh Circuit and/or the Illinois Supreme Court likely will help streamline the issues in this case and therefore stays the case for five months or until the courts provide clarity on the points at issue, whichever comes first").

Plaintiff also argues that a stay should not be issued based on *Tims* because the federal and state trial courts to have considered the issue so far have ruled that a five-year statute of limitations applies to BIPA claims and, even if *Tims* rules that a one-year limitations period applies, this Court will not be bound by the Illinois Appellate Court, First District's ruling. "Although not binding, intermediate-state-court decisions serve as guidance in a federal court's quest to decide a case like a state's high court would." *Emerald Casino*, 867 F.3d at 765. "When an intermediate state court announces a rule of law, 'that is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise.'" *Id*. (quoting *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940)). Thus, even though the Court could disregard a ruling by *Tims* that a one-year statute of limitations applies to BIPA claims, the Court would do so only if it is convinced that the Illinois Supreme Court would decide otherwise—a showing that Plaintiff has not attempted to make in its opposition to the stay.

Finally, the Court is not persuaded that Plaintiff will be unduly prejudiced or tactically disadvantaged if a stay is granted. Plaintiff contends that Defendant waited too long to seek a stay, because class discovery has already been completed. However, in terms of prejudice, this appears to have benefitted Plaintiff: as soon as the appellate courts issue their decisions, class certification briefing can begin, without the need for any further discovery. If Defendant was really seeking to delay the case, it could have resisted discovery altogether. Plaintiff also argues that a stay may make it more difficult to provide effective notice to members of the proposed class—a "mobile population" of hourly employees who are "very likely [to] move multiple times after they leave their employment with Defendant." [70] at 6. However, some of the members of the proposed class left Defendant's employment over seven years ago. Any prejudice caused by additional delay appears to be minimal.

Considering all of the relevant factors together, the Court concludes that staying the case pending the outcomes of *McDonald*, *Tims* and *Cothron* would significantly advance judicial economy and spare the parties the burden of unnecessary briefing, without causing any significant hardship to Plaintiff. Therefore, Defendant's motion to stay [67] is granted. See, e.g., *Freed*, 215 F. Supp. 3d at 658; *Fleury v. Union Pacific Railroad Co*., 2021 WL 2588752 (June 23, 2021); *Herron v. Gold Standard Baking, Inc.*, 2021 WL 1340804, at \*2 (N.D. Ill. Apr. 9, 2021); *Vaughan v. Biomat USA, Inc.*, 2020 WL 6262359, at \*3 (N.D. Ill. Oct. 23, 2020); *Roberson v. Maestro Consulting Serv. LLC*, 2021 WL 1017127 (S.D. Ill. Mar. 17, 2021); *Morgan v. Kroger Business Partnership I d/b/a Ruler Foods, Inc.*, 2021 WL 2805596 (S.D. Ill. July 6, 2021); *Hall v. Meridian Senior Living, LLC*, 2021 WL 2661521 (S.D. Ill. June 29, 2021); *Regan v. Bajco Illinois LLC*, 2021 WL 2025896 (C.D. Ill. May 21, 2021); *Johns v. Paycor, Inc.*, 2021 WL 2627974 (S.D. Ill. May 11, 2021) (all granting stays in BIPA cases). The parties are directed to file a joint status report when each of the three cases is decided. The Court will then evaluate whether the stay should be lifted or extended pending resolution of the remaining cases.

Dated: October 19, 2021

_____
Robert M. Dow, Jr.
United States District Judge