UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIANNA STARTS, on behalf of herself and all other persons similarly situated, known and unknown, | ) ) ) ) |
| Plaintiff, | ) Case No. 1:19-cv-01575 ) ) Judge Mary M. Rowland |
| v. | ) ) ) |
| LITTLE CAESAR ENTERPRISES, INC. | ) JURY TRIAL DEMANDED ) ) |
| Defendant. | ) |

## SECOND AMENDED CLASS ACTION COMPLAINT

Brianna Starts ("Starts" or "Plaintiff") files this Second Amended Class Action Complaint ("Complaint") against Little Caesar Enterprises, Inc. ("Defendant") for violations of the Illinois Biometric Information Privacy Act.

**SUMMARY OF CLAIMS**

1. Starts was employed at Defendant's Little Caesars pizza restaurant at 16022 Harlem Avenue, Tinley Park, Illinois from approximately February 2018 to July/August 2018.

2. During her employment, Defendant required Plaintiff and other employees to use a biometric time clock system to record their time worked.

3. Defendant required Plaintiff and other employees to scan their fingerprints in the biometric time clock when they started working a shift, stopped for a break, returned from a break, and finished working a shift.

4. Unlike an employee identification number or employee identification card, fingerprints are *unique* and *permanent* identifiers.

5. By requiring employees to use their fingerprints to record their time, instead of

1

identification numbers or badges only, Defendant ensured that one employee could not clock in for another.

6. Thus, there's no question that Defendant benefited from using a biometric time clock.

7. But there's equally no question that Defendant placed employees at risk by using their biometric identifiers to "punch the clock."

8. In enacting the Biometric Information Privacy Act, the Illinois legislature recognized that biologically unique identifiers, like fingerprints, can never be changed when compromised, and thus subject a victim of identity theft to heightened risk of loss.

9. As a result, Illinois restricted private entities, like Defendant, from collecting, storing, using, or transferring a person's biometric identifiers and information without adhering to strict informed-consent procedures established by the Biometric Information Privacy Act.

10. Defendant collected, stored, used, and transferred the unique biometric fingerprint identifiers and information of Plaintiff and others similarly situated without following the detailed requirements of the Biometric Information Privacy Act.

11. As a result, Defendant violated the Biometric Information Privacy Act and compromised the privacy and security of the biometric identifiers and information of Plaintiff and others similarly situated.

**JURISDICTION AND VENUE**

12. This Court has personal jurisdiction over Defendant because, during the relevant time period, it did business in Illinois, was registered to do business in Illinois, and committed statutory violations alleged in this Complaint in Illinois.

13. This Court has subject matter jurisdiction under the Class Action Fairness Act, 28

U.S.C. § 1332(d), because Plaintiff and Defendant are citizens of different states, there are over 7,000 potential class members, and the amount in controversy is over $5,000,000.

14. Venue is proper in the Northern District of Illinois pursuant to 29 U.S.C. § 1391(a)(2) because events giving rise to this action took place here.

**THE PARTIES**

15. Plaintiff is a natural person who is a citizen of Illinois.

16. Defendant is a Michigan corporation with its principal place of business in Detroit, Michigan.

**REQUIREMENTS OF THE BIOMETRIC INFORMATION PRIVACY ACT**

17. In enacting the Biometric Information Privacy Act, the Illinois legislature recognized that the full ramifications of biometric technology are not yet fully known and so the public will benefit from "regulations on the collection, use, safeguarding, handling, storage retention, and description of biometric identifiers and information." 740 ILCS 14/5(f)-(g).

18. The Biometric Information Privacy Act prohibits a "private entity" from capturing or collecting biometric identifiers or information from an individual unless that private entity first obtains the individual's written consent or employment-related release authorizing the private entity to capture or collect an individual's biometric identifiers and/or biometric information. 740 ILCS 14/15(b)(3).

19. Relatedly, the Biometric Information Privacy Act prohibits a private entity from capturing or collecting biometric identifiers or information from an individual unless that private entity first informs the individual, in writing, of the following: (a) that the private entity is collecting biometric identifiers or information, (b) the purpose of such collection, and (c) the length

3

of time the private entity will retain the biometric identifiers or information. 740 ILCS 14/15(b)(1)(b).

20. In addition, the Biometric Information Privacy Act prohibits a private entity from possessing biometric identifiers or information unless it first creates a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of biometric identifiers and information. 740 ILCS 14/15(a).

21. Finally, the Biometric Information Privacy Act prohibits a private entity from disclosing or otherwise disseminating biometric identifiers or information without first obtaining an individual's consent for that disclosure or dissemination, unless the disclosure or dissemination was (a) in furtherance of an authorized financial transaction, (b) authorized by law, or (c) pursuant to a valid warrant or subpoena. 740 ILCS 14/15(d).

**BACKGROUND FACTS**

22. When Plaintiff scanned her fingerprints in Defendant's biometric time clock, her fingerprints – or a geometric representation of her fingerprints – were collected by Defendant and disseminated and disclosed to Defendant's time-keeping vendor.

23. Defendant never provided Plaintiff any written materials about its collection, retention, destruction, use, or dissemination of her fingerprints before requiring her to use a biometric time clock.

24. Defendant never obtained Plaintiff's written consent, or release as a condition of employment, before collecting, storing, disseminating, or using her fingerprints.

25. Defendant violated Plaintiff's privacy by capturing or collecting her unique biometric identifiers and information and sharing those identifiers and information with its time-keeping vendor, without her consent.

26. Defendant diminished the value of Plaintiff's biometric identifiers and information by storing them without publishing data retention and destruction policies required by the Biometric Information Privacy Act.

**CLASS ACTION ALLEGATIONS**

27. Plaintiff seeks to represent a class of Defendant's employees who scanned their fingerprints in Defendant's biometric time clock system in Illinois between January 29, 2014 and the present without first executing a written consent ("the Class").

28. Plaintiff and the Class are similar to one another because they were all subject to the same allegedly illegal practices: scanning their fingerprints in Defendant's biometric time clock system despite Defendant failing to adhere to the requirements of the Biometric Information Privacy Act.

29. The Class includes more than 7,000 members.

30. As a result, the Class is so numerous that joining of all class members in one lawsuit is not practical.

31. The issues involved in this lawsuit present common questions of law and fact, including: whether the Class used their fingerprints to clock in and out during shifts; whether the Class's scanned fingerprints qualify as "biometric identifiers" or "biometric information" under the Biometric Information Privacy Act; and whether Defendant complied with the procedures of the Biometric Information Privacy Act.

32. These common questions of law and fact predominate over the variations that may exist between members of the Class, if any.

33. Plaintiff, the members of the Class, and Defendant have a commonality of interest in the subject matter of the lawsuit and the remedy sought.

34. If individual actions were required to be brought by each member of the Class injured or affected, the result would be a multiplicity of actions, creating a hardship to the Class, to the Court, and to Defendant.

35. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of the lawsuit and distribution of the common fund to which the Class is entitled.

36. The books and records of Defendant are material to Plaintiff's case as they disclose how and when Plaintiff and the Class scanned their fingerprints in Defendant's biometric time clock system and what information Defendant provided Plaintiff and the Class about the collection, retention, use, and dissemination of their biometric identifiers and information.

37. Plaintiff and her counsel will fairly and adequately protect the interests of the Class.

38. Plaintiff retained counsel experienced in complex class action litigation.

## COUNT I
## Violation of the Biometric Information Privacy Act
### (Class Action)

39. Plaintiff realleges and incorporates the previous allegations of this Complaint.

40. Defendant is a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

41. Plaintiff's and the Class's fingerprints qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

42. Defendant has "biometric information" from Plaintiff and the Class based on its acquisition and retention of information based on Plaintiff's and the Class's biometric identifiers.

43. Defendant violated the Biometric Information Privacy Act by capturing or collecting Plaintiff's and the Class's biometric identifiers and information without first informing them in writing that Defendant was doing so.

6

44. Defendant violated the Biometric Information Privacy Act by capturing or collecting Plaintiff's and the Class's identifiers and information without first informing them in writing of the purpose of Defendant doing so and the length of time Defendant would store and use Plaintiff's and the Class's biometric identifiers and/or biometric information.

45. Defendant violated the Biometric Information Privacy Act by capturing or collecting Plaintiff's and the Class's identifiers and information without first obtaining their written consent or other release authorizing Defendant to capture or collect Plaintiff's and the Class's biometric identifiers and/or biometric information.

46. Defendant violated the Biometric Information Privacy Act by possessing Plaintiff's and the Class's identifiers and information without creating a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of biometric identifiers and information.

47. Defendant violated the Biometric Information Privacy Act by disclosing or otherwise disseminating Plaintiff's and the Class's identifiers and information to Defendant's time-keeping vendor without first obtaining their consent for that disclosure or dissemination.

48. Defendant knew or should have known of the requirements of the Biometric Information Privacy Act because the law was enacted in 2008 and numerous articles and court filings about the Act's requirements were published before Defendant employed Plaintiffs and the Class.

49. As a result, Defendant's violations of the Biometric Information Privacy Act were reckless or, in the alternative, negligent.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendant as follows:

A. Awarding liquidated monetary damages to Plaintiff and the Class for each violation

        of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2);

B.    Enjoining Defendant from committing further violations of the Biometric Information Privacy Act as authorized by 740 ILCS 14/20(4);

C.    Awarding Plaintiff's reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by 740 ILCS 14/20(3); and

D.    Such other and further relief as this Court deems appropriate and just as provided by 740 ILCS 14/20(4).

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

Dated: March 21, 2023

/s/ Douglas M. Werman
One of Plaintiff's Attorneys

Douglas M. Werman—dwerman@flsalaw.com
Maureen A. Salas—msalas@flsalaw.com
Sarah J. Arendt—sarendt@flsalaw.com
Michael M. Tresnowski—mtresnowski@flsalaw.com
**Werman Salas P.C.**
77 West Washington St., Suite 1402
Chicago, IL 60602
(312) 419-1008

*Attorneys for Plaintiff*

8