# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRIANNA STARTS, on behalf of herself and all other persons similarly situated, known and unknown, | ) ) ) | Case No. 1:19-cv-01575 |
| | ) | |
| *Plaintiff,* | ) | Judge Mary M. Rowland |
| | ) | |
| v. | ) | |
| | ) | |
| LITTLE CAESAR ENTERPRISES, INC., | ) | |
| | ) | |
| *Defendant.* | ) | |

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Settlement" or "Settlement Agreement") is made and entered into by Plaintiff Brianna Starts ("Plaintiff" or "Settlement Class Representative"), individually and on behalf of those she seeks to represent ("Settlement Class" or "Settlement Class Members," as defined below), and Little Caesar Enterprises, Inc. ("Defendant")[1] in the above-captioned matter ("Action").

## I.  RECITALS

On January 29, 2019, Nivea Lenoir, a former Plaintiff and employee of Defendant, filed the Action in the Circuit Court of Cook County, on behalf of herself and others similarly situated, alleging that Defendant violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq*. ("BIPA") by utilizing a timekeeping system which scanned Plaintiff and Settlement Class Members' fingers without complying with BIPA's requirements.  Defendant denied and continues to deny the claims asserted by Plaintiff.

---

[1]  Plaintiff and Defendant are collectively referred to as the "Parties" herein.

On March 6, 2019, Defendant removed the Action to this Court. On August 21, 2019, Plaintiff Starts joined the Action as a named Plaintiff and filed the First Amended Complaint along with Ms. Lenoir. On September 20, 2019, Defendant moved to dismiss the First Amended Complaint for failure to state a claim. On August 7, 2020, the Court denied Defendant's motion to dismiss. Shortly thereafter, the Court ordered the Parties to complete class discovery in a 150-day period, during which the Parties exchanged documents, exchanged written interrogatories, and completed depositions. On May 24, 2021, upon completion of class discovery, the Parties entered a joint stipulation dismissing Ms. Lenoir from the lawsuit.

On October 19, 2021, the Court stayed the Action pending the outcomes in three BIPA appeals (*McDonald v. Symphony Bronzeville*, Case No. 126511 (Ill. Sup. Ct.), *Tims v. Blackhorse Carriers, LLC*, Case No. 20-0563 (Ill. App. Ct. 1st Dist.), and *Cothron v. White Castle Systems, Inc.*, Case No. 20-3202 (7th Cir.)). On February 15, 2023, the Court lifted the stay.

On March 21, 2023, Plaintiff filed a Second Amended Class Action Complaint and filed her Motion for Class Certification on March 31, 2023. Defendant filed a response to Plaintiff's Motion for Class Certification on April 28, 2023 and Plaintiff filed her reply in support of her Motion for Class Certification on May 22, 2023. The Court then stayed merits discovery pending resolution of Plaintiff's Motion for Class Certification. Further, in an effort to reach a resolution of the Action, the Parties discussed the potential for a class-wide settlement.

On June 25, 2023, and again on August 16, 2023, the Parties participated in a mediation with retired Magistrate Judge Morton Denlow and, following arms-length negotiations, reached an agreement resolving all matters in the Action as set forth in this Settlement Agreement.

Under the Settlement Agreement, Defendant denies all allegations of wrongdoing or liability, including that it violated BIPA. Despite the belief that it is not liable and has good

defenses to the claims alleged in the Action, Defendant has concluded that settlement is desirable to avoid the risk posed by Plaintiff's claims for statutory damages under BIPA and additional costs and expenses of continued litigation.

Similarly, Plaintiff and Settlement Class Counsel have investigated the facts and the law regarding the Action and have concluded that a settlement according to the terms set forth below is in the best interests of Plaintiff and the Settlement Class. They agreed to settle the Action recognizing (a) the existence of complex and contested issues of law and fact; (b) the risks inherent in litigation; (c) the likelihood that future proceedings will be unduly protracted and expensive absent settlement; (d) the benefits derived from the Settlement in light of both the maximum potential and likely range of recovery to be obtained through further litigation and the expense thereof, as well as the potential of no recovery whatsoever; and (e) Plaintiff's and Settlement Class Counsel's determination that the Settlement is fair, reasonable, adequate, and will substantially benefit the Settlement Class Members.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff, the Settlement Class, and Defendant that, subject to the Court's approval after a Final Approval hearing as provided for in this Settlement Agreement, and in consideration of the benefits flowing to the Settlement Class from the Settlement set forth herein, the sufficiency of which are hereby acknowledged, the Released Claims shall be fully and finally settled and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions set forth in this Settlement Agreement.

## II.     **DEFENDANT DENIES LIABILITY**

The Parties entered into this Settlement Agreement to avoid further disputes and litigation in the Action. There has been no determination as to the merits of the claims or defenses asserted

by Plaintiff or Defendant, or with respect to class certification.  Defendant denies liability for the claims asserted in this Action.  Neither the fact of Settlement, nor the Settlement Agreement, nor any other Settlement documents, nor any other matter pertaining to the Settlement contemplated herein shall be offered, used, or received in any other case or proceeding for any purpose, whether as an argument, admission, concession, evidence or otherwise, including, but not limited to, the validity of any claim or defense asserted in the Action or any matter being settled and finally resolved in this Settlement Agreement, the truth of any fact alleged by any Party, or the appropriateness of class certification, and/or as evidence of any admission by Defendant of any liability with respect to any claim for damages or other relief, or of any admission by Plaintiff that they would not have prevailed on liability on any of their claims. Further, neither this Settlement Agreement nor any settlement negotiation or discussion thereof is or may be deemed as an admission of or evidence that Defendant or any Releasee collected, captured, received, possessed, otherwise obtained or disclosed biometric identifiers or biometric information under the BIPA or any similar federal, state, or local law.  Any stipulation or admission by Defendant or Plaintiff contained in any document pertaining to the Settlement is made for settlement purposes only. In the event this Settlement is not finally approved, nothing contained herein shall be construed as a waiver by Defendant of its contention that class certification is not appropriate or is contrary to law in the Action or any other case or proceeding, or by Plaintiff of their contention that class certification is appropriate in the Action or any other case or proceeding.

### III.      CERTIFICATION OF THE SETTLEMENT CLASS

Settlement Class Counsel shall request that the Court enter a certification order and certify, for settlement purposes only, the following Settlement Class, which shall collectively be referred to as the "Settlement Class" or the "Settlement Class Members":

4

All employees of Defendant who enrolled in or used a finger-scan timekeeping system while working for Defendant in Illinois from January 29, 2014 through January 14, 2019.

All Settlement Class Members who do not timely and validly exclude themselves from the Settlement shall be bound by its terms.

The "Class Period" is from January 29, 2014 to January 14, 2019. Defendant has represented that there are no more than 8,407 Settlement Class Members. This is a material term of the Settlement.

Defendant does not consent to certification of the Settlement Class for any purpose other than to effectuate the Settlement. If the Court does not enter Final Approval, or if for any other reason Final Approval of the Settlement does not occur, including, without limitation, because the Settlement Agreement is lawfully terminated (including pursuant to the terms of this Agreement), is successfully objected to, or successfully challenged on appeal, any certification of any Settlement Class will be vacated and deemed null and void, the Parties will be returned to their positions with respect to the Action as if the Settlement Agreement had not been entered, and the fact of certification shall not be cited to by the Parties, used on behalf of any Party for any purpose, or be admissible in any proceeding for any purpose or with respect to any issue, substantive or procedural, including, but not limited to, whether any group of individuals exists to maintain a class action under Illinois law, Rule 23 of the Federal Rules of Civil Procedure, or comparable state laws or rules.

## IV. SETTLEMENT TERMS

### 1. Final Approval; Waiver of Appeal; Effective Date

The terms "Final Approval" and "Final Approval Order" means an order entered by the Court granting final approval of the Settlement that: (a) certifies the Settlement Class for settlement purposes only; (b) finds that the Settlement Agreement is fair, reasonable, and adequate, was

entered into in good faith and without collusion, and directs consummation of this Settlement Agreement; (c) dismisses the claims in the Action on behalf of Plaintiff and all Settlement Class Members who do not timely and validly exclude themselves from the Settlement ("Settlement Class Participants") with prejudice and without costs, except as explicitly provided for in this Settlement Agreement; (d) retains jurisdiction for the administration, consummation, enforcement, and interpretation of the Settlement Agreement; (e) approves the Release provided below and orders that, as of the Effective Date, the Released Claims will be released as to the Releasees; (f) permanently enjoins Plaintiff and all Settlement Class Participants from initiating, prosecuting, pursuing and/or seeking to reopen claims that have been released by this Settlement Agreement; and (g) finds that there is no just reason for delay of entry of final judgment with respect to the foregoing.

Plaintiff and Defendant waive their right to appeal entry of Final Approval, except that the Class Representative retains the right to appeal the award of the Settlement Class Representative's Service Award and Settlement Class Counsel's Award for attorney fees and litigation expenses, if the Court awards less than requested in accordance with this Settlement Agreement. However, the Parties agree that a reduction in the amount of the Settlement Class Representative's Service Award or of Settlement Class Counsel's Award for attorneys' fees and litigation expenses by the Court (or any appellate court) will not be grounds for termination of the Agreement.

If the Court grants Final Approval, the Settlement Class Representative's Service Award is awarded in full, and there are no objections from any Settlement Class Participants to the Settlement, then the "Effective Date" is the date of Final Approval. If any Settlement Class Participant objects to the Settlement or if the Court awards less than the full amount of Settlement Class Representative's Service Award, the "Effective Date" means the first date on which the Final

Approval Order is no longer appealable, or if an appeal is filed, the date on which such appeal is finally resolved without any further appeal rights in favor of and without material modification of the Settlement and Final Approval such that no further action is required by the Court.

**2.**     **Gross Fund; Net Fund; and Allocation to Settlement Class Participants**

The term "Gross Fund" means six million nine hundred and ninety seventy thousand and eight hundred and ten dollars ($6,997,810) that Defendant will pay to settle the claims of Plaintiff and Settlement Class Members in the Action which is approximately eight hundred thirty-two dollars and thirty-seven cents ($832.37) per Settlement Class Member prior to deductions from the Gross Fund as contained in this Paragraph. The Gross Fund represents the maximum total amount that Defendant (or any other Releasee) shall be obligated to pay under this Settlement, unless the number of Settlement Class Members is greater than 8,407 Class Members, in which case the Gross Fund shall increase by $832.37 for each additional Settlement Class Member above 8,407 persons.

The term "Net Fund" is the Gross Fund minus the following deductions, which are subject to Court approval: Settlement Class Counsel's attorneys' fees (estimated to be $2,332,603.33); Settlement Class Counsel's litigation expenses (estimated to be less than $30,000.00); the Settlement Administrator's costs (estimated to not exceed $35,500); and the Settlement Class Representative's Service Award (estimated to be $15,000). The estimated amount of the Net Fund is approximately $4,584,706.67. Settlement Class Members are not required to submit a claim form to receive payment.

Settlement Class Participants will receive payments equal to the amount reached by dividing the Net Fund by the number of Settlement Class Participants. The estimated net award per Settlement Class Participant is $545.34.

The Parties agree that no payments or awards made pursuant to this Settlement Agreement will be considered "wages," "compensation," "earnings," "salary," or any similar definition or form or payment. Settlement Class Participants and the Settlement Class Representative will be solely responsible for all taxes, interest, penalties, or other amounts due with respect to any award or payment received pursuant to this Settlement. Plaintiff, on behalf of the Settlement Class Members, acknowledges and agrees that she has not relied upon any advice from the Defendant, Defendant's Counsel, or Settlement Class Counsel as to the taxability of the awards or payments received pursuant to this Settlement. The Settlement Administrator will handle all tax reporting with respect to the payments made pursuant to this Settlement and shall report the payments in accordance with applicable law.

3. **Release of Claims**

   a. **Definitions**

Releasees shall refer to Defendant and its current and former owners, affiliates, parents, subsidiaries, divisions, officers, directors, shareholders, agents, employees, attorneys, insurers, benefit plans, predecessors, and successors.

   b. **Release for Settlement Class Participants**

Subject to Final Approval by the Court, Settlement Class Participants will, upon the Effective Date, release all claims, suits, actions, controversies, demands, and/or causes of action, premised upon statute, contract, common law or otherwise, whether seeking liquidated or actual damages, penalties, specific performance, injunctive relief, attorneys' fees, costs, interest or any other relief, against Defendant or other Releasees that arise out of, relate to or are connected with the alleged violations of or non-compliance with BIPA, as set forth in the operative Class Action Complaint in the Action against Defendant, and/or the alleged scanning, capture, collection, storage, possession, transmission, purchase, receipt through trade and otherwise, sale, lease, trade,

8

profit, disclosure, re-disclosure, dissemination, transmission, protection, conversion and/or use of biometric identifiers, biometric information or other biometric data in connection with Defendant's timekeeping system, whether pursuant to BIPA or any other federal, state or local law, including common law, regardless of whether such causes of action or claims are known or unknown, filed or unfiled, asserted or unasserted, and/or existing or contingent.

The only Settlement Class Members not subject to the foregoing release are those who timely and validly exclude themselves from the Settlement.

4.     **Settlement Administration**

The Parties have mutually selected Rust Consulting, Inc. as the third-party settlement administrator ("Settlement Administrator"). The costs of Settlement Administration will not exceed $35,500.  The Settlement Administrator shall be responsible for the establishment of an escrow account for the Gross Fund, providing notice to the Settlement Class, verifying addresses, skip tracing as necessary, communicating with Settlement Class Members, disbursing payments to Settlement Class Participants, tax reporting, and other administrative activities contemplated in connection with the Settlement. The Settlement Administrator's costs shall be paid from the Gross Fund. The Parties agree to cooperate in the Settlement administration process and to make all reasonable efforts to control and minimize the costs and expenses incurred in the administration of the Settlement.

5.     **Timeline of Settlement Events**

The Parties contemplate the following timeline for settlement events:

    a.  Within fourteen (14) days after the Court grants preliminary approval of the Settlement, Defendant will provide the Settlement Administrator and Settlement Class Counsel with a Microsoft Excel spreadsheet that shall contain Settlement Class Members' last known contact information to the extent reasonably available,

9

including names and last known home addresses (the "Class List"). The Class List Defendant provides to the Settlement Administrator shall also contain last known cell phone numbers (if available), email addresses (if available), and social security numbers (only if requested by the Settlement Administrator). Defendant will provide a declaration attesting to the number of Class Members and preparation of the Class List. The parties will discuss representations that need to be in the declaration. The Class List and all information contained therein shall be kept confidential and may be used by Settlement Class Counsel and the Settlement Administrator only for purposes of facilitating Notice and other aspects of the Settlement, or as otherwise required by law.

b. The Settlement Administrator will send via U.S. mail and, where available email, a Notice to everyone on the Class List within fourteen (14) days after receiving the Class List. Dissemination of the Notice shall be the responsibility of the Settlement Administrator. The text of the Notice shall be agreed upon by the Parties and shall be substantially in the form as Attachment A.

c. Settlement Class Counsel shall file a Petition for Attorneys' Fees and Litigation Expenses no later than twenty-eight (28) days after entry of an order of Preliminary Approval.

d. All requests for exclusion from the Settlement must be postmarked or otherwise received by the Settlement Administrator within sixty (60) days from the date of the initial distribution of the Notice to Settlement Class Members.

e. All objections to the Settlement must be postmarked or otherwise received by the Settlement Administrator within sixty (60) days from the date of the initial

distribution of the Notice to Settlement Class Members. Within three days of receiving an objection, the Settlement Administrator shall provide the objection, and any supporting materials, to counsel for the Parties. Within two business days of receiving an objection from the Settlement Administrator, Settlement Class Counsel shall file the objection with the Court.

f. Within seven (7) days before the Final Approval Hearing or such other date as set by the Court, Settlement Class Counsel shall file a motion for Final Approval of this Settlement. Settlement Class Counsel will provide drafts of the foregoing motions to Defendant's Counsel for review and comment at least seven (7) days prior to filing with the Court.

g. No later than thirty (30) days after the Court enters an order granting final approval of the Settlement, Defendant will deposit the Gross Fund into a qualified settlement account established by the Settlement Administrator. The Gross Fund will be maintained by the Settlement Administrator as a Qualified Settlement Fund pursuant to Section 1.468B-1, et seq., of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of 1986, as amended, and shall be deposited in an FDIC insured interest bearing account created and controlled by the Settlement Administrator.

h. No later than twenty-one (21) days after the Effective Date, the Settlement Administrator will mail or deliver the following payments from the Gross Fund: (1) Settlement payments to Settlement Class Participants; (2) the Settlement Class Representative's Service Award; and (3) Settlement Class Counsel's award of attorneys' fees and litigation costs awarded by the Court (by wire transfer).

      i.    The deadline for Settlement Class Participants to cash checks will be one hundred and eighty (180) days from the date the checks are issued by the Settlement Administrator.

      j.    Within twenty-one (21) days after the deadline for Settlement Class Participants to cash checks, the Settlement Administrator shall distribute funds from uncashed checks in accordance with Section IV.9 of this Agreement and the Court's order(s).

**6.**      <u>**Tax Treatment of Settlement Awards**</u>

Settlement Class Participant settlement awards and the Service Award to the Settlement Class Representative shall be classified as non-wage income, and the Settlement Administrator will report the payments on a 1099 form to the extent required by law. If required by IRS regulations, the Settlement Administrator shall issue to each Settlement Class Participant and the Settlement Class Representative an IRS Form 1099. Other than the reporting requirements herein, Settlement Class Participants and the Settlement Class Representative shall be solely responsible for the reporting and payment of their share of any federal, state and/or local income or other taxes on payments received pursuant to this Settlement Agreement. Defendant shall have no responsibility as to taxes, interest, penalties, or other amounts due with respect to any payments or awards made by the Settlement Administrator from the Gross Fund or received by Settlement Class Participants, Settlement Class Representative and/or Settlement Class Counsel. It is understood and agreed that Defendant takes no position and offers no advice regarding how any Settlement Class Participant, the Settlement Class Representative, or Settlement Class Counsel choose to treat any payment made pursuant to this Agreement for tax or any other purpose.

**7.**      <u>**Settlement Class Counsel's Attorney Fees and Costs**</u>

      a.    Settlement Class Counsel may request that the Court award them up to one third of the Gross Fund as attorney fees. Settlement Class Counsel may also request

reimbursement of their litigation expenses.

b.  The award of attorney fees and litigation expenses approved by the Court shall be paid to Settlement Class Counsel from the Gross Fund. Settlement Class Counsel shall provide the Settlement Administrator with a duly completed Form W-9. The award of attorneys' fees and litigation expenses shall be reported by the Settlement Administrator on the applicable IRS Form 1099 as required by the Internal Revenue Code and shall be made without withholding.

c.  Any amounts for Settlement Class Counsel's attorneys' fees and litigation expenses requested by Settlement Class Counsel but not awarded shall be added to the Net Fund and be made available for distribution to Settlement Class Participants as settlement awards. Settlement Class Counsel may appeal the award of the attorney fees and litigation expenses, should the sum awarded by the Court fall below the amount requested, provided that the requested award for attorneys' fees and litigation expenses is consistent with the Settlement Agreement; provided, however, that any reduction of the attorneys' fees and litigation expenses award by the Court or any appeal of any such reduction of the attorney fees and litigation expenses award shall not affect the validity and enforceability of the Settlement and shall not provide a basis for rendering the Settlement null, void, or unenforceable. If Settlement Class Counsel elects not to appeal or if the appeals court affirms the decision, only the reduced amounts will be deemed to be the attorneys' fees and litigation expenses award for purposes of this Settlement Agreement. Any amount of the attorneys' fee and litigation expenses award not awarded shall be added to the Net Fund and be made available for distribution to Settlement Class Participants.

d.  The payment of the award of attorneys' fees and litigation expenses to Settlement Class Counsel shall constitute full satisfaction of the obligation to pay any amounts to any person, attorney, or law firm for attorneys' fees or litigation expenses in the Action incurred

by any attorney on behalf of the Settlement Class Representative and the Settlement Class Members, and shall relieve Defendant, the Releasees, the Settlement Administrator, and Defendant's Counsel of any other claims or liability to any other attorney or law firm for any attorney fees, expenses and/or costs to which any of them may claim to be entitled on behalf of the Settlement Class Representative and the Settlement Class Members. In exchange for such payment, Settlement Class Counsel will release and forever discharge any attorneys' lien on the Gross Fund.

       **8.**     **<u>Service Award</u>**

       Settlement Class Counsel will apply for a "Service Award" of up to fifteen thousand dollars ($15,000.00) for the Settlement Class Representative, to be paid for her time and effort spent conferring with Settlement Class Counsel, pursuing the Action in her own name, and recovering settlement proceeds on behalf of all Settlement Class Members. Defendant agrees not to oppose such application, so long as it is consistent with the provisions of this Settlement Agreement. Subject to Court approval, the Service Award shall be paid from the Gross Fund, in addition to the Settlement Class Representative's settlement award. Settlement Class Counsel may appeal the award of the Service Award, should the sum awarded by the Court fall below the amount requested, provided that the requested Service Award is consistent with the Settlement Agreement; provided, however, that any reduction of the Service Award by the Court or any appeal of any such reduction of the Service Award shall not affect the validity and enforceability of the Settlement and shall not be a basis for rendering the Settlement null, void, or unenforceable. If Settlement Class Counsel elects not to appeal or if the appeals court affirms the decision, only the reduced amounts will be deemed to be the Service Award for purposes of this Settlement Agreement. Any amount of the Service Award not awarded shall be added to the Net Fund and be made available for distribution to Settlement Class Participants.

9.    **Uncashed Checks**

Any checks that remain uncashed after one hundred and eighty (180) days from the date they are issued by the Settlement Administrator shall be remitted to the State of Illinois Unclaimed Property Fund.

10.    **Approval of Settlement; Notice; Settlement Implementation**

This Settlement Agreement shall be subject to approval of the Court. As part of this Settlement, the Parties agree to the following procedures for obtaining preliminary Court approval of the Settlement, providing Notice to Settlement Class Members, obtaining Final Approval, and processing the settlement awards:

a.    Preliminary Approval Hearing.  The Settlement Class Representative shall file a motion for preliminary approval of the Settlement as soon as reasonably possible. With the motion for preliminary approval, the Settlement Class Representative will submit this Settlement Agreement and accompanying attachment. Settlement Class Counsel will provide a draft of the motion for preliminary approval and proposed preliminary approval order to Defendant's Counsel for review and comment prior to filing the same consistent with the terms of this Settlement Agreement.

b.    Notice to Settlement Class Members.  Notice of the Settlement shall be provided to Settlement Class Members, and Settlement Class Members shall submit any objections to the Settlement, and/or requests for exclusion from the Class, using the following procedures:

(1)    Mailed Notice to Settlement Class Members.  The Settlement Administrator shall send a copy of the Notice of Class Action Settlement ("Notice"), attached hereto as Attachment A, to Settlement Class Members via First Class regular U.S. mail.  The Notice will be mailed using the most current mailing address information for Settlement Class Members, which the Settlement Administrator shall obtain by running each Settlement Class

Member's name and address through the U.S. Postal Service's database of verifiable mailing addresses, the National Change of Address ("NCOA") database, or other comparable databases. The front of the envelopes containing the Notice will be marked with words identifying the contents as important documents authorized by the Court and time sensitive. For any Settlement Class Member whose Notice is returned as undeliverable without a forwarding address, the Settlement Administrator shall promptly perform a skip trace by running a search in Experian or a similar database to locate an updated address and shall promptly re-mail the Notice to the updated address. If after this second mailing, the Notice is again returned as undelivered, the Notice mailing process shall end for that Settlement Class Member.

(2)    <u>Emailed Notice to Class Member</u>

Where personal email addresses are available for Settlement Class Members, the Settlement Administrator shall send the following email:

- Email subject: "Legal Notice of Proposed Class Action Settlement."

  Email body: "A settlement has been reached in a class action lawsuit against Little Caesar Enterprises ("Defendant") alleging that Defendant violated the Illinois Biometric Information Privacy Act ("BIPA") by utilizing a timekeeping system which scanned employees' finger(s) working in Illinois without complying with BIPA's requirements. While Defendant has denied any legal violation occurred, the parties have reached a compromise to end the lawsuit, and avoid the related time, expense, and uncertainty of further litigation. The settlement is on behalf of all employees of Defendant who enrolled in or used a finger-scan timekeeping system while working for Defendant in Illinois from January 29, 2014 through January 14, 2019. To learn about the settlement and your rights in it, please review the Notice of Class Action Settlement which is attached to this email."

(3)    <u>Updated Contact Information</u>

Settlement Class Members should contact the Settlement Administrator to update their mailing addresses. Settlement Class Counsel will forward any updated contact information they receive from Settlement Class Members to the Settlement Administrator. The Settlement

Administrator will reissue the Notice to any Settlement Class Members who provides updated contact information prior to the deadline for submitting objections and exclusion requests.

11. **Procedure for Objecting to, or Requesting Exclusion from, the Class Action Settlement**

a. <u>Procedure for Objecting</u>. The Notice shall provide that Settlement Class Members who wish to submit written objections to the Settlement must mail or email them to the Settlement Administrator on or before 60 days from the date Notice is mailed. The 60th day after the Notice is mailed is considered the Objection/Exclusion Deadline. The date of the postmark on the return mailing envelope or the timestamp on the electronic submission shall be the exclusive means used to determine whether an objection has been timely submitted. To object to the Settlement Agreement or any terms of it, the person making the objection must be a member of the Settlement Class and must not have requested to be excluded from the Settlement. The notice of objection must state the case name and number; the basis for and an explanation of the objection, including any supporting materials; the name, address, telephone number, and email address of the Settlement Class Member making the objection; a list of any other objections filed by or on behalf of the Settlement Class Member in any other class action cases; a statement of whether he or she is represented by counsel and, if so, the name, address, and telephone number of his or her counsel and a list of all objections filed by that counsel in any other class action cases; a statement of whether the Settlement Class member intends to appear at the Final Approval Hearing with or without counsel; and a statement of whether the Settlement Class Member has received any payment in exchange for his or her making the objection. In addition, any objection must be personally signed by the Settlement Class Member. So-called "mass" or "class" exclusion requests shall not be allowed. Any objection that does not meet the requirements of this paragraph shall not be considered by the Court, unless otherwise ordered by the Court. Subject to approval of the

Court, any objecting Settlement Class Member may appear in person or by counsel at the Final Approval hearing held by the Court to show cause why the Settlement should not be approved as fair, reasonable, and adequate, or to object to any petitions for attorney fees, reimbursement of reasonable litigation costs and expenses, and service award. If any objecting Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel, he/she must state as such in the written objection and must also identify any witnesses he/she may seek to call to testify at the Final Approval Hearing and all exhibits he/she intends to seek to introduce into evidence at the Final Approval Hearing, which must also be attached to, or included with, the written objection. Any Settlement Class Member who fails to timely file and serve a written objection pursuant to this Settlement Agreement shall not be permitted to object to the approval of the Settlement, shall be deemed to have waived any objections, and shall be foreclosed from seeking any review of the Settlement Agreement or its terms by appeal or other means.

    b. <u>Procedure for Requesting Exclusion</u>. The Notice shall provide that Settlement Class Members who wish to exclude themselves from the Settlement Class must submit a written statement requesting exclusion from the Settlement Class by mail or email to the Settlement Administrator on or before the Objection/Exclusion Deadline. Such written request for exclusion must contain the Class Member's full name, address, telephone number, the last four digits of his or her social security number, and a statement that the Settlement Class Member wishes to be excluded from the Settlement. The request must be signed by the Settlement Class Member. So-called "mass" or "class" exclusion requests shall not be allowed. The date of the postmark on the return mailing envelope or the timestamp on the electronic submission shall be the exclusive means used to determine whether a request for exclusion has been timely submitted. If a Settlement Class Member submits a timely but deficient exclusion statement, the Settlement

Administrator shall notify the Settlement Class Member of the deficiency within three (3) business days of receipt. The Settlement Class Member shall have fourteen (14) calendar days from the date such notice is issued to cure the deficiencies, at which point his or her attempted exclusion will be rejected if a proper exclusion is not received within such time. Any Settlement Class Member who excludes himself or herself from the Settlement will not be entitled to any recovery under the Settlement and will not be bound by the Settlement. The Settlement Administrator shall provide the requests for exclusion to the Parties, and Settlement Class Counsel shall file the requests for exclusion with the motion for Final Approval of the Settlement.

If the Settlement Agreement is finally approved by the Court, all Settlement Class Members who have not validly excluded themselves by the Exclusion Deadline will be bound by the Settlement Agreement, and the relief provided by the Settlement Agreement will be their sole and exclusive remedy for the released claims.

Any member of the Settlement Class who elects to be excluded from the Settlement shall not: (i) be bound by the Settlement, (ii) be entitled to relief under this Settlement Agreement, (iii) gain any rights by virtue of this Settlement Agreement, or (iv) be entitled to object to any aspect of this Settlement Agreement. Class Counsel agrees not to solicit any individuals that exclude themselves from the Settlement.

Defendant may terminate this Agreement in the event that 4% or more of the Settlement Class Members submit timely and valid requests for exclusion from the settlement (*i.e.*, opt-out).

12.     **No Solicitation of Settlement Objections or Exclusions**

The Parties agree to use their best efforts to carry out the terms of this Settlement. At no time shall either Party or their counsel seek to solicit or otherwise encourage Settlement Class Members to submit written objections to the Settlement or requests for exclusion from the Settlement Class, or appeal from the Court's Final Approval (if applicable), or entry of a final

judgment.

**13.** **Final Settlement Approval Hearing**

In its preliminary approval order or a related order, the Court shall schedule a Final Approval hearing to determine whether to grant Final Approval of the Settlement Agreement along with the amount payable for (i) an award to Settlement Class Counsel for attorneys' fees and litigation expenses; (ii) the Settlement Administrator's expenses; and (iii) the Settlement Class Representative's Service Award. Plaintiff shall present a Final Approval order to the Court for its approval. The Final Approval Order Plaintiff presents to the Court shall provide that the matter will be dismissed with prejudice after Defendant has fully funded the Qualified Settlement Fund with the Gross Fund. Settlement Class Counsel will provide drafts of the Final Approval order to Defendant's Counsel for review and comment at least seven (7) days prior to the Final Approval Hearing consistent with the terms of this Settlement Agreement.

**14.** **Venue of Approval**

Plaintiff will seek approval of the Settlement in the Northern District of Illinois.

**15.** **Defendant's Legal Fees**

All of Defendant's own legal fees, costs, and expenses incurred in this Action shall be borne by Defendant.

**16.** **Defendant's Non-Monetary Representations**

Defendant has or will delete, within 60 days of final settlement approval, all finger-scan data on the timekeeping system for its active and former employees except for employees who have pending claims or whose data is subject to preservation obligations.

**17.** **Certification of Distribution of Settlement Checks**

The Settlement Administrator shall provide counsel for the Parties with a complete accounting of the funds disbursed from the Qualified Settlement Fund.

20

18.     **Headings**

The descriptive headings of any paragraphs or sections of this Agreement are inserted for convenience of reference only and do not constitute a part of this Settlement Agreement.

19.     **Amendment or Modification**

This Settlement Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors in interest.  Notwithstanding the foregoing, the Parties agree that any dates contained in this Settlement Agreement may be modified by agreement of the Parties without Court approval if the Parties agree and cause exists for such modification. However, the Parties cannot modify deadlines set by the Court without Court approval.

20.     **Termination of the Settlement Agreement**

(a)     The Settlement Class Representative, on behalf of the Settlement Class Members, and Defendant, shall have the right to terminate this Settlement Agreement by providing written notice of the election to do so to Settlement Class Counsel and to counsel for the opposing Party within ten (10) days of any of the following events: (a) the Court's refusal to grant preliminary approval of this Settlement in any material respect even after the renegotiation process described below; (b) the Court's refusal to grant Final Approval in any material respect even after the renegotiation process described below; (c) the date upon which the final judgment is modified or reversed in any material respect by an appellate court; (d) the date upon which an Alternative Judgment, as defined below, is modified or reversed in any material respect by an appellate court.

(b)     Should the Court decline to preliminarily or finally approve any aspect of the Settlement Agreement, the Parties will attempt to renegotiate those aspects of the Settlement Agreement in good faith, with the mutual goal of attempting to reach an agreement as close to this Settlement Agreement as possible, and will then submit the renegotiated settlement agreement to the Court for approval.  If and only if the Parties are unable to obtain preliminary or final approval

21

(as applicable) of a settlement agreement after submitting at least two renegotiated settlements to the Court, the Settlement Agreement will be null and void, and the Parties will have no further obligations under it, and the Parties will revert to their prior positions in the Action as if the Settlement had not occurred.

21. **Conditions of Settlement, Effect or Disapproval, Cancellation or Termination**

The Effective Date shall not occur unless and until each and every one of the following events occurs: (a) this Settlement Agreement has been signed by the Parties; (b) the Court has entered an order granting preliminary approval of the Settlement; (c) the Court has entered an order granting Final Approval of the Settlement, and has entered a final judgment substantially consistent with this Settlement Agreement that has become final and unappealable; and (d) in the event that the Court enters an order and final judgment in a form other than that provided above ("Alternative Judgment") to which the Parties have consented, that Alternative Judgment has become final and unappealable.

If some or all of the conditions specified in this Section are not met, or in the event that this Settlement Agreement is not approved by the Court, or the Settlement is terminated or fails to become effective in accordance with its terms, then, subject to the provisions in Section 20, this Settlement Agreement shall be canceled and terminated, unless Settlement Class Counsel and Defendant's Counsel mutually agree in writing to proceed with this Settlement Agreement. If any Party is in material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Settlement, may terminate this Settlement Agreement on notice to all other Parties after providing the breaching Party fourteen (14) days to cure such breach. Notwithstanding anything herein, the Parties agree that the Court's decision as to the amount of the award of attorney fees and costs to Settlement Class Counsel or the Service Award to the Settlement Class Representative, regardless of the amounts awarded, shall not prevent the

Settlement Agreement from becoming effective, nor shall it be grounds for termination of the Settlement.

If this Settlement Agreement is terminated or fails to become effective for any reason, the Parties shall be restored to their respective positions in the Action as of the date of the signing of the Settlement Term Sheet and this Settlement Agreement. In such event, any final judgment or other order entered by the Court in accordance with the terms of this Settlement Agreement, including, but no limited to, class certification, shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the status quo ante with respect to the Action as if this Settlement Agreement had never been entered into.

### 22.   **Entire Agreement**

Upon execution, this Settlement Agreement constitutes the entire agreement among these Parties, and no other oral or written representations, warranties, or inducements have been made to any Party concerning this Settlement Agreement.

### 23.   **Good Faith Negotiation if the Court Does Not Grant Approval**

If the Court does not grant preliminary approval or Final Approval of the Settlement, the Parties will work together in good faith to address the concerns raised in denying such approval.

### 24.   **Authorization to Enter into Settlement Agreement**

Counsel for all Parties warrant and represent they are expressly authorized by the Parties whom they represent to negotiate this Settlement Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Settlement Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Settlement Agreement. The Parties and their counsel will cooperate with each other and use their best efforts to affect the implementation of the Settlement.

25. **Binding on Successors and Assigns**

This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of the Parties hereto, as previously defined.

26. **Illinois Law Governs; Change in Law Will Not Invalidate Settlement**

All terms of this Settlement Agreement shall be governed by and interpreted according to the laws of the State of Illinois. An intervening change in law or court decision shall not invalidate this Settlement Agreement.

27. **This Settlement is Fair, Adequate, and Reasonable**

The Parties warrant and represent they have conducted a thorough investigation of the facts and allegations in the Action. The Parties further represent and warrant that they believe this Settlement Agreement represents a fair, adequate, and reasonable Settlement of the Action and that they have arrived at this Settlement Agreement through extensive arms-length negotiations, taking into account all relevant factors, present and potential.

28. **Jurisdiction of the Court**

The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the Settlement embodied in this Settlement Agreement and all orders and judgments entered in connection therewith.

29. **Invalidity of Any Provision**

Before declaring any provision of this Settlement Agreement invalid, the Court shall first attempt to construe the provisions valid to the fullest extent possible consistent with applicable precedents so as to find all provisions of this Settlement Agreement valid and enforceable. In the event any one or more of the provisions contained in this Settlement Agreement shall for any

reason be held invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision if, and only if, the Parties and their Counsel mutually elect by written stipulation to be filed with the Court within twenty (20) days to modify the Settlement Agreement and proceed as if such invalid, illegal, or unenforceable provisions had never been included in this Settlement Agreement.

**30.** **Notice**

Unless otherwise stated herein, any notice required or provided for under this Settlement Agreement shall be in writing and shall be sent by electronic mail or hand delivery, postage prepaid, as follows:

| **If to Settlement Class Counsel:** | **If to Defendant's Counsel:** |
|---|---|
| Douglas M. Werman | Lazar P. Raynal |
| **WERMAN SALAS P.C.** | **KING & SPALDING LLP** |
| 77 West Washington St. | 110 N Wacker Drive |
| Suite 1402 | Suite 3800 |
| Chicago, Illinois 60602 | Chicago, IL 60606 |
| Telephone: (312) 419-1008 | Telephone: (312) 764-6947 |
| dwerman@flsalaw.com | lraynal@kslaw.com |

**31.** **Circular 230 Disclaimer**

Each Party to this Settlement Agreement acknowledges and agrees that (1) no provision of this Settlement Agreement, and no written communication or disclosure between or among the Parties or their attorneys and other advisers regarding this Settlement Agreement, is or was intended to be, nor shall any such communication or disclosure constitute or be construed or be relied upon as, tax advice within the meaning of United States Treasury Department Circular 230 (31 CFR Part 10, as amended); (2) each Party (a) has relied exclusively upon his, her, or its own, independent legal and tax advisers for advice (including tax advice) in connection with this Settlement Agreement, (b) has not entered into this Settlement Agreement based upon the

recommendation of any Party or any attorney or advisor to any other Party, and (c) is not entitled to rely upon any communication or disclosure by any attorney or adviser to any other Party to avoid any tax penalty that may be imposed on that Party; and (3) no attorney or adviser to any other Party has imposed any limitation that protects the confidentiality of any such attorney's or adviser's tax strategies (regardless of whether such limitation is legally binding) upon disclosure by the acknowledging party of the tax treatment or tax structure of any transaction, including any transaction contemplated by this Settlement Agreement.

      **32.**   **Miscellaneous Provisions**

      (a)   Nothing express or implied in this Agreement is intended or shall be construed to confer upon or give any person or entity other than the Parties, Releasees, and Settlement Class Members any right or remedy under or by reason of this Agreement. Each of the Releasees is an intended third-party beneficiary of this Agreement and with respect to the Released Claims and shall have the right and power to enforce the release of the Released Claims in his, her, or its favor against all Releasees.

      (b)   Any headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

      (c)   The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any prior or subsequent breach of this Agreement.

      (d)   The Parties have relied upon the advice and representation of counsel concerning the Action and this Settlement. The Parties have read and understand fully this Settlement Agreement, including its Attachments, and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

(e)     Plaintiff represents and warrants that she has not assigned any claim or right or interest therein as against the Releasees to any other person or party.

(f)     The Parties specifically acknowledge, agree, and admit that this Settlement Agreement and its Attachments, along with all related drafts, motions, pleadings, conversations, negotiations, correspondence, orders, or other documents shall be considered a compromise within the meaning of Federal Rule of Evidence 408, and any other equivalent or similar rule of evidence, and shall not constitute, be construed, offered, or received into evidence as an admission of the validity of any claim or defense, or the truth of any fact alleged in the Action or in any other pending or subsequently filed action, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of any Party, or be used to establish a waiver of any defense of right, or to establish or contest jurisdiction or venue.

(g)     The Parties also agree that this Settlement Agreement and all related drafts, motions, pleadings, conversations, negotiations, correspondence, orders, or other documents entered into in furtherance of this Settlement Agreement, and any acts in the performance of this Settlement Agreement, are not intended to establish grounds for certification of any class involving any Settlement Class Member other than for certification of the Settlement Class for settlement purposes only.

(h)     This Agreement shall be deemed fully executed as of the date that the last party signatory signs the Agreement.

In witness hereof, the undersigned have caused this Settlement Agreement to be executed as of the dates set forth below.

DATED: 8/30/2023        Plaintiff Brianna Starts

                      *Brianna Starts*
                      ID HFX7A5vJMFXCoHw72MLDVwJk

DATED: 08/31/2023       Defendant Little Caesar Enterprises, Inc.

By: _____

Its: Chief of Staff, General Counsel

28

**Attachment A**

**NOTICE OF CLASS ACTION SETTLEMENT**
*Starts v. Little Caesar Enterprises, Inc.*, Case No. 1:19-cv-01575 (N.D. Ill. 2019)

### 1. Introduction

A federal court in Chicago preliminarily approved a class action Settlement in the lawsuit *Starts v. Little Caesar Enterprises, Inc.*, Case No. 1:19-cv-01575 (N.D. Ill. 2019) (the "Lawsuit"). The Court has approved this Notice to inform you of your rights in the Settlement. As described in more detail below, you may:

(1) do nothing, receive a Settlement payment, and give up certain legal claims you have;

(2) exclude yourself from the Settlement, not receive a Settlement payment, and not give up any legal claims; or

(3) object to the Settlement.

Before any money is paid, the Court must first decide whether to grant Final Approval of the Settlement.

### 2. What Is this Lawsuit About?

The Lawsuit, brought by Brianna Starts ("Settlement Class Representative"), a former employee of Little Caesar Enterprises, Inc. ("Defendant"), alleges that Defendant violated the Illinois Biometric Information Privacy Act ("BIPA") by utilizing a timekeeping system which scanned employees' finger(s) while working in Illinois without complying with BIPA's requirements. The Lawsuit alleges that Defendant violated BIPA by collecting alleged biometric data from its employees in Illinois through an alleged biometric timekeeping system without first providing written notice or obtaining written consent. The Lawsuit also alleges that Defendant possessed biometric data of its employees without creating and following a written policy establishing a retention schedule and destruction guidelines for its possession of this data.

Defendant denies the allegations in the Lawsuit, denies that it violated the BIPA or any other law, and maintains that it complied with the law.

A Settlement was agreed to by the parties to avoid the costs and expense of further litigation and the risks associated therewith. The Court has not decided the merits of the claims against Defendant or Defendant's defenses to those claims.

You can learn more about the Lawsuit by contacting the Settlement Administrator, Rust Consulting, at **1-xxx-xxx-xxxx**.

### 3. Who Is Included in the Settlement?

The Settlement includes all employees of Defendant who enrolled in or used a finger-scan timekeeping system while working for Defendant in Illinois from January 29, 2014 through January 14, 2019 ("the Class" or "Class Members"). Defendant estimates that there are approximately 8,407 Class Members.

**4. What does the Settlement Provide?**

To resolve this matter without the expense, delay, and uncertainties of further litigation, the Parties have reached an agreement to settle the Lawsuit.

As part of the Settlement, Defendant has agreed to pay $6,997,810 (the "Gross Fund") to settle the Lawsuit and resolve the claims of Class Members. Subject to Court approval, the following will be deducted from the Gross Fund: (1) an award of up to one third of the Gross Fund for Settlement Class Counsel's attorneys' fees (estimated to be $2,332,603.33); (2) Settlement Class Counsel's litigation costs (estimated to be less than $30,000.00); (3) a Service Award of $15,000 to the Settlement Class Representative; and (4) the Settlement Administrator's costs (estimated not to exceed $35,500). Following these deductions, the Settlement Administrator will use the remaining funds (the "Net Fund") to make payments to Settlement Class Members who do exclude themselves from the Settlement. The Parties estimate that Class Members who do not exclude themselves from the Settlement will receive a payment of approximately $545.34.

Unless you exclude yourself from the Settlement, as explained below, you will give up your right to file or continue a lawsuit against Defendant and other Releasees and will release any and all BIPA and other released claims against Defendant and the other Releasees (as defined in the Settlement Agreement), whether pursuant to BIPA or any other related federal, state, and local law, including under the common law, as well as related claims for liquidated or actual damages, penalties, specific performance, injunctive relief, attorney fees and costs, expenses, and interest. The full release of claims is set forth in the Settlement Agreement, which you can review by requesting a copy from the Settlement Administrator.

**5. What Are Your Options?**

(1) **Do nothing and receive a Settlement payment**. If you want to receive a Settlement payment, you do not need to do anything. If you do nothing, and the Court grants Final Approval of the Settlement, you will be mailed your Settlement payment and be bound by the Settlement Agreement and its terms, including the Released Claims. If required by law, you may also be sent a 1099 tax reporting form.

(2) **Exclude yourself from the Settlement and receive no Settlement payment.** If you do not want to be legally bound by the Settlement, you must exclude yourself from the Settlement by Insert date 60 days from Notice distribution. If you do this, you will NOT get a Settlement payment. To exclude yourself, you must mail or email your written request for exclusion to the Settlement Administrator (contact information below) by [EXCLUSION DEADLINE]. Your written request for exclusion must include your full name, address, telephone number, the last four digits of your Social Security Number, and a statement that you wish to be excluded from the Settlement. It must also be signed by you. If you exclude yourself, you will not receive money from this Settlement, but you will keep your legal rights regarding any claims that you may have against Defendant and the other Releasees.

(3) **Object to the Settlement.** You may object to the Settlement by Insert date 60 days from Notice distribution. If you want to object to the Settlement, you must mail or email a written objection to the Settlement Administrator (contact information below), which includes the case

name and number; the basis for and an explanation of the objection; your name, address, telephone number and e-mail address; a list of any other objections filed by you or on your behalf in any other class action cases; a statement of whether you are represented by counsel, and if so, a list of all objections filed by that counsel; a statement of whether you intend to appear at the Final Approval Hearing with or without counsel; and a statement of whether you have received any payment in exchange for making the objection. If you intend to appear at the Final Approval Hearing, you must also identify any witnesses you may seek to call to testify, and all exhibits you intend to seek to introduce into evidence at the Final Approval Hearing. Any objection must also be personally signed by you. If you exclude yourself from the Settlement, you cannot file an objection.

**6.      How Do I Update my Contact Information?**

You must notify the Settlement Administrator of any changes in your mailing address so that your Settlement payment will be sent to the correct address. To update your address, contact the Settlement Administrator, listed below.

**7.      Who Are the Attorneys Representing the Class and How Will They Be Paid?**

The Court has appointed Settlement Class Counsel, identified below, to represent Settlement Class Members in this Settlement. Settlement Class Counsel will request up to one third of the Gross Fund as attorneys' fees plus reimbursement of their litigation expenses. You will not have to pay Settlement Class Counsel from your Settlement payment or otherwise. You can obtain a copy of the Class Counsel's request for attorney's fees from the Settlement Administrator. You also have the right to hire your own attorney at your own expense.

| |
|---|
| Douglas M. Werman |
| Maureen A. Salas |
| Werman Salas P.C. |
| 77 W. Washington St., Suite 1402 |
| Chicago, IL 60602 |
| (312) 419-1008 |
| dwerman@flsalaw.com |

**8.      When is the Final Approval Hearing?**

The Court will hold a hearing in this case on ==Insert date and time from preliminary approval order==, to consider, among other things, (1) whether to grant Final Approval of the Settlement; (2) a request by the lawyers representing Settlement Class Members for an award of up to one third of the Settlement as attorney fees, plus their litigation expenses; (3) a request for a Service Award to the Class Representative; and (4) a request for the Settlement Administrator's costs. You may appear at the hearing, but you are not required to do so.

If you have any questions or for more information, contact the Settlement Administrator at:

| **Settlement Administrator** |
|---|
| Rust Consulting |

Address Line 1
Address Line 2
Telephone Number
Email address

**PLEASE DO NOT CONTACT THE COURT, DEFENDANT OR DEFENDANT'S COUNSEL FOR ADDITIONAL INFORMATION ABOUT THIS SETTLEMENT.**