# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BRIANNA STARTS, on behalf of herself and all other persons similarly situated, known and unknown, | ) ) ) ) Case No. 1:19-cv-01575 |
| Plaintiff, | ) ) Judge Mary M. Rowland |
| v. | ) ) ) |
| LITTLE CAESAR ENTERPRISES, INC., | ) ) ) |
| Defendant. | ) |

## PRELIMINARY APPROVAL ORDER

This matter having come before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement ("the Motion"), the Court having reviewed and considered the Motion, and attached exhibits, including the Class Action Settlement Agreement ("Settlement" or "Settlement Agreement") and its attachments, and the Court being fully advised in the premises,

IT IS ORDERED AS FOLLOWS:

1. Capitalized terms not defined in this Order are defined in the Parties' Settlement Agreement.

2. The Court finds, on a preliminary basis, that the Settlement is fair, reasonable, and adequate.

3. With the assistance of a neutral mediator, the Settlement Agreement was negotiated at arm's-length between counsel for the Parties who are experienced in class action litigation.

4. The Court finds, on a preliminary basis, that Settlement Class Counsel has adequately represented the proposed Settlement Class Members, which are defined as follows:

All employees of Defendant who enrolled in or used a finger-scan timekeeping system while working for Defendant in Illinois from January 29, 2014 through January 14, 2019.

5. The Court specifically finds, for settlement purposes only, that (i) the class is so numerous that joinder is impracticable; (ii) common questions of fact and law exist; (iii) the Class Representative's claim is typical of the Settlement Class Members' claims; and (iv) the Class Representative will be able to fairly and adequately protect the interests of the class. In addition, for settlement purposes only, the Court finds that questions of law or fact common to the Settlement Class predominate over questions affecting individual Settlement Class Members and the class action is superior to other available methods of adjudication. Certification of the Settlement Class for settlement purposes is the best means for protecting the interests of all the Settlement Class Members.

6. The Court finds that distribution of notice to the proposed Settlement Class Members is justified because Plaintiff has shown that the Court will likely be able to (i) approve the Settlement under Rule 23(e)(2) and (ii) certify the proposed class for purposes of settlement.

7. For settlement purposes only, the Court appoints Brianna Starts as Settlement Class Representative.

8. For settlement purposes only, the Court appoints as Settlement Class Counsel:

> Douglas M. Werman
> Maureen A. Salas
> John Frawley
> Werman Salas P.C.
> 77 W. Washington Street, Suite 1402
> Chicago, IL 60602

9. The Court appoints Rust Consulting as the Settlement Administrator to perform all duties described in the Settlement Agreement and ordered by this Court.

10. The Court finds that distribution of the proposed Notice of Class Action Settlement ("Notice") by mail and, where reasonably possible, email is the best practicable means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement and the Final Approval Hearing to all persons affected by or entitled to participate in the Settlement, in full compliance with the notice requirements of Fed. R. Civ. P. 23, due process, the Constitution of the United States, and other applicable laws. The proposed Notice is accurate, objective, and informative. It provides Settlement Class Members with all of the information necessary to evaluate the fairness of the Settlement and to make an informed decision regarding whether to participate in the Settlement.

11. Any Settlement Class Member may request to be excluded from the Settlement by submitting a written request for exclusion to the Settlement Administrator as described in the Notice within 60 days from the date of initial Notice distribution.

12. Any Settlement Class Member who excludes himself or herself from the Settlement will not be entitled to any recovery under the Settlement and will not be bound by the Settlement or have any right to object, appeal, or comment on it.

13. Any Settlement Class Member who does not request to be excluded from the Settlement may object to the Settlement by submitting a written statement to the Settlement Administrator as described in the Notice within 60 days from the date of initial Notice distribution.

14. Settlement Class Counsel shall file a motion for attorney fees, litigation costs, settlement administration costs, and the Class Representative's Service Award ("Fee Petition") within 28 days after entry of this Order.

15. Settlement Class Counsel shall file a motion for final approval of the Settlement within seven days of the final approval hearing. The motion for final approval shall include copies

of any objections submitted and identify any Settlement Class Members who have requested to be excluded from the Settlement.

16. The Court schedules a Final Approval Hearing for __December 20, 2023__ at 10:00 a.m. to consider, among other things, (1) whether to finally approve the Settlement; (2) whether to approve Class Counsel's request for attorney fees and litigation costs; (3) whether to approve the Settlement Administrator's costs; and (4) whether to approve the Class Representative's request for a Service Award. Settlement Class Members may, but are not required to, appear at the Final Approval Hearing and request to speak in favor of or against the Settlement. Within ten days of the Final Approval Hearing, the Court will inform the Parties whether the Final Approval Hearing will take place by phone or in Court.

17. The Final Approval Hearing may be postponed, adjourned, transferred, or continued by order of the Court without further notice to Settlement Class Members. At or following the Final Approval Hearing, the Court may enter a Final Judgment approving the Settlement and entering a Final Approval Order in accordance with the Settlement that adjudicates the rights of all Settlement Class Members.

Entered: September 8, 2023

_Mary M Rowland_
Hon. Mary Rowland