# EXHIBIT 2

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BRIANNA STARTS, on behalf of herself and all other persons similarly situated, known and unknown, | ) ) ) | Case No. 1:19-cv-01575 |
| | ) | |
| *Plaintiff,* | ) | Judge Mary M. Rowland |
| | ) | |
| v. | ) | |
| | ) | |
| LITTLE CAESAR ENTERPRISES, INC., | ) | |
| | ) | |
| *Defendant.* | ) | |

## <u>DECLARATION OF DOUGLAS M. WERMAN</u>

Douglas M. Werman, being first duly sworn on oath, deposes and states under penalty of perjury the following:

1.      I submit this Declaration in support of Plaintiff's Unopposed Motion and Memorandum of Law for Final Approval of Class Action Settlement.

2.      I am a member in good standing of the Illinois State Bar and am the managing shareholder of Werman Salas P.C. A Firm Resume detailing some of my firm's accomplishments is attached to this Declaration as Attachment A.

3.      Except as noted otherwise, this Declaration is based on my personal knowledge. If called as a witness to testify to the facts in this Declaration, I could and would testify to them.

4.      I graduated from Loyola University of Chicago's School of Law in 1990. I received my undergraduate degree from the University of Illinois, Champaign-Urbana, in 1987. I was admitted to practice law in the State of Illinois in 1990.

5.      I am admitted in the following courts:

1

| COURT OF ADMISSION | DATE OF ADMISSION |
|---|---|
| **State Admissions** | |
| State of Illinois | 11/8/1990 |
| **U.S. District Courts** | |
| Northern District of Illinois | 12/20/1990 |
| Western District of Michigan | 6/24/1999 |
| Central District of Illinois | 3/30/2001 |
| Eastern District of Michigan | 3/25/2003 |
| Southern District of Illinois | 4/8/2010 |
| Northern District of Indiana | 10/25/2010 |
| Western District of New York | 7/22/2015 |
| Federal Claims Court | 8/13/2015 |
| Southern District of Indiana | 11/5/2015 |
| Eastern District of Arkansas | 12/4/2015 |
| District of Colorado | 6/6/2017 |
| **Appellate Courts** | |
| Seventh Circuit Court of Appeals | 8/4/1994 |
| Second Circuit Court of Appeals | 11/21/2013 |
| Eleventh Circuit Court of Appeals | 5/6/2015 |
| Tenth Circuit Court of Appeals | 4/21/2016 |
| Ninth Circuit Court of Appeals | 5/20/2016 |

6.     Several federal courts have recognized the expertise that my firm and I possess in collective and class action litigation. For example:

- "[Werman Salas P.C.] are known and recognized lawyers … and have an excellent national reputation … Courts recognize Plaintiffs' Counsel as leaders in advocating the rights of … workers throughout the United States." *Osman, et al. v. Grube, Inc., et al.* 2018 WL 2095172, at *4 (N.D. Ohio May 4, 2018);

- Douglas Werman and Werman Salas P.C. are "national leaders in advocating the rights of working people … " and Mr. Werman is a "highly respected and experienced lawyer[]…". *Sanchez v. Roka Akor Chicago LLC*, No. 14 C 4645, 2017 WL 1425837, at *5-7 (N.D. Ill., Apr. 20, 2017);

- Douglas Werman and his firm are "… national leaders in advocating the rights of working people …" . *Knox v. Jones Grp.,* No. 15-CV-1738 SEB-TAB, 2017 WL 3834929, at *5 (S.D. Ind. Aug. 31, 2017);

- Describing Mr. Werman as a "highly experienced attorney" in class actions. *Schmidt v. Smith & Wollensky, LLC*, 268 F.R.D. 323, 328 n.5 (N.D. Ill. 2010) (Castillo, C.J.).

7.     I have been involved in every stage of the above-captioned litigation.

2

8.      I believe the Settlement is fair, reasonable, and adequate. Based on my substantial experience as class counsel in BIPA litigations, I recommend that the Settlement be approved. The Settlement represents a gross recovery of approximately $833.46 per Settlement Class Member . That is an outstanding result for a BIPA class the size of the class at-issue in this litigation. Class Counsel believes the gross settlement amount is the second largest per class member recovery in any BIPA case with a class that is greater than 7,500 persons. The only Settlement that Plaintiff's counsel is aware of that resulted in a larger gross per class member settlement is *Owens v. Wendy's International, LLC,* 2018-CH-11423 (Cook Cty.), which resolved for $900.30 for each of the 16,555 class members.

9.      The fact that the Settlement Fund is non-reversionary is notable, without a monetary benefit or reversion to the Defendant. Yet, Plaintiff anticipates a high check cashing rate because of the 92% notice rate (7,903/8398) —indicating good addresses for checks to reach Class Members.

10.      The Settlement was a result of non-collusive negotiations. The Parties reached a Settlement after an initially unsuccessful day-long mediation with retired Magistrate Judge Morton Denlow; it was only later, with Judge Denlow's assistance, that agreement was reached.

11.      The Settlement here also represents a meaningful recovery when compared against average recoveries in class action settlements. *See In re Ravisent Techs., Inc. Sec. Litig.,* 2005 WL 906361, at *9 (E.D. Pa. Apr. 18, 2005) (approving a settlement, which amounted to 12.2% of damages, and citing a study by Columbia University Law School determining that "since 1995, class action settlements have typically recovered between 5.5% and 6.2% of the class members' estimated losses") (internal citations omitted).

3

12. The recovery is also significant in light of the defenses that could have eliminated or greatly reduced any recovery, including without limitation: (1) that the timekeeping system does not collect biometric identifiers or information as defined by BIPA and (2) that Defendant's alleged violations of BIPA were not "negligent."

13. The term "Net Fund" is the Gross Fund minus the following deductions, which are subject to Court approval: Settlement Class Counsel's attorney fees (*i.e.*, $2,332,603.33); Settlement Class Counsel's litigation expenses in the amount of $18,178.67; the Settlement Administrator's costs in the amount of $35,500; and the Settlement Class Representative's Service Award in the amount of $15,000. In sum, the net per claimant recovery of $547.46 represents a meaningful recovery considering the litigation risks.

14. I believe that if the litigation had continued, it would have been complex, expensive, and protracted. It is possible that Plaintiff would have lost her pending motion for class certification. If Plaintiff had prevailed on class certification, the case would have continued on to the merits, including expert discovery, summary judgment motions, and potentially trial. Defendant raised issues relating to whether a consent contained in an employee handbook was sufficient consent under BIPA and, Defendant would likely have argued that its technology did not collect biometric identifiers and information that would subject it to BIPA liability. If the case proceeded through a judgment, the losing party likely would have appealed given the lack of controlling precedent on the key legal disputes. Instead of expensive, complicated, and protracted litigation, the Settlement provides significant monetary relief to Participating Settlement Class Members now.

15.     The Settlement of the Action is the product of well-informed judgments about the adequacy of the resolution. The Settlement was also the product of arm's-length, non-collusive negotiations.

16.     Only two Settlement Class Members submitted requests for exclusion. Those requests for exclusion are attached as Attachment B and C.

17.     I am intimately familiar with the strengths and weaknesses of the claims and defenses of these cases, as well as the factual and legal issues, sufficient to make an informed recommendation about the value of the claims, the time, costs and expenses of protracted litigation, discovery, and appeals, and the adequacy of the Settlement reached. In my professional opinion, the Settlement is fair and reasonable in light of the risk, costs, and delay of further litigation.

18.     Defendant's ability to pay a judgment did not influence the Settlement amount in this case.

I declare under penalty of perjury pursuant to 28 U.S.C. 1746 that the foregoing is true and correct.

**Executed on**: December 13, 2023

_____
Douglas M. Werman

# ATTACHMENT A

FIRM RESUME

---

# WERMAN SALAS P.C.

77 West Washington Street

Suite 1402

Chicago, IL 60602

www.flsalaw.com

Werman Salas P.C.
Firm Resume

**Introduction:**

Werman Salas P.C. is a national law firm with lawyers in Chicago, Washington, D.C., and Boston, focused on labor and employment class and collective actions, privacy litigation, and consumer class actions. A special concentration of the firm's practice is the recovery of owed wages under the federal Fair Labor Standards Act ("FLSA") and state wage and hour laws.

Recognizing the firm's skill and experience, a federal court described Werman Salas P.C. as "national leaders in advocating the rights of working people …" *Sanchez v. Roka Akor Chicago LLC*, 2017 WL 1425837 (N.D. Ill. Apr. 20, 2017). A federal magistrate judge described Werman Salas P.C. as "known and recognized lawyers in wage and hour litigation" with "an excellent national reputation." *Osman, et al. v. Grube, Inc.*, 2018 WL 2095172, at *4 (N.D. Ohio May 4, 2018).

**Significant Class and/or Collective Actions for Unpaid Wages**
*Lead or Co-Lead Counsel*

- *Ballesteros v. Deltek, Inc.*, Case No. CL22000035-00 (Circuit Court of Richmond, Virginia) (collective action settlement of FLSA claims on behalf of inside sales employees)

- *Jones v. memoryBlue, Inc.*, Case No. 34-2022-00319308-CU-OR-GDS (Superior Court of the State of California, County of Sacramento) (certifying for settlement purposes a collective under the FLSA and a class under California law for the alleged failure to pay overtime to inside sales employees)

- *Rezapourian, et al. v. Third Bridge (US), Inc.*, Case No. 603785/2022 (Supreme Court of the State of New York, County of Nassau) (collective action settlement of overtime claims under the FLSA and New York and California state law for alleged failure to pay overtime and violation of other state wage and hour laws)

- *Tyson v. Shake Shack Enterprises, LLC*, Case No. 514220/2022 (Supreme Court of the State of New York, Kings County) (class settlement of claims arising under New York City's Fair Workweek Law)

- *Arciaga v. Snowflake, Inc*., Case No. 21-CIV-06144 (Superior Court of the State of California, County of San Mateo) (certifying for settlement purposes a collective under the FLSA and a class under California law for the alleged failure to pay overtime to inside sales employees)

- *Blankers v. Pushpay USA, Inc.*, Case No. 2:21-cv-01549-JHC (W.D. Wash.) (certifying for settlement purposes a collective under the FLSA and a class under Washington state law for the alleged failure to pay overtime to inside sales employees)

- *Jones v. Guidepoint Global, LLC*, Case No. 533067/2021 (Supreme Court of the State of New York, Kings County) (collective action settlement of overtime claims under the FLSA and New York law for alleged misclassification of inside sales employees and failure to pay overtime)

- *Brunty v. Optima Health Plan*, Case No. 2:19-cv-255 (E.D. Va.) (collective action settlement for care coordinator non-RNs alleging overtime misclassification claims under the FLSA)

- *Russell v. EqHealth Solutions, Inc.*, Case No. 3:19-cv-000005 (M.D. La.) (collective action settlement for care coordinators and utilization reviewers who alleged overtime misclassification claims under the FLSA)

- *Burns v. RespiteCare*, Case No. 1:17-cv-00917 (N.D. Ill.) (collective action settlement for home service aides alleging failure to pay all overtime wages in violation of the FLSA)

- *Black v. P.F. Chang's China Bistro, Inc.*, Case No. 16-cv-03958 (N.D. Ill.) (class and collective action settlement for thousands of restaurant workers)

- *Cope v. Let's Eat Out, Inc.*, Case No. 6:16-cv-03050-SRB (W.D. Mo. May 10, 2017) (contested certification of classes of tipped employees alleging violations of the Missouri Minimum Wage Act and the Missouri common law)

- *Grosscup v. KPW Management, Inc.*, Case No. 16-cv-06501 (N.D. Ill.) (collective action settlement for tipped workers alleging violations of the tip credit provisions of the FLSA)

- *Magpayo v. Advocate Health & Hosps. Corp.*, Case No. 16-cv-01176, 2018 WL 950093 (N.D. Ill. Feb. 20, 2018) (after contested motion practice, the court certified Rule 23 classes under the Illinois Minimum Wage Law and under the Illinois Wage Payment and Collection Act for unpaid overtime and straight time wages due for working through unpaid meal periods)

- *McLamb v. High 5 Hospitality, LLC d/b/a Buffalo Wild Wings*, Case No. 1:16-cv-00039-GMS (D. Del.) (collective action settlement for tipped workers)

- *Osman v. Grube, Inc.*, Case No. 3:16-cv-00802-JJH (N.D. Ohio) (collective action settlement reached for tipped workers in lawsuit alleging violations of the tip credit provisions of the FLSA)

- *Turner v. BFI Waste Service, LLC*, Case No. 2:16-cv-2864-DCN (D.S.C.) (following contested motion practice, the court authorized step one FLSA certification on behalf of drivers who then filed consents to join the case; the parties later resolved the action for the collective)

3

- *Castaldo v. Uncle Julio's Corporation*, Case No. 1:15-cv-09176 (N.D. Ill.) (collective action settlement involving tipped employees)

- *Davis v. A Sure Wing, LLC*, Case No. 3:15-cv-01384-SCW, ECF No. 55 (S.D. Ill. Aug. 29, 2016) (certified settlement class of tipped employees of restaurant franchise alleging violations of the tip credit provisions of the Missouri Minimum Wage Law and Illinois Minimum Wage Law)

- *Knox v. The Jones Group*, Case No. 15-cv-1738 (S.D. Ind.) (following contested motion practice, the court authorized step one FLSA certification, and servers and bartenders filed consents to join the case; after extensive discovery, the parties resolved the action on a collective action basis)

- *Robbins v. Blazin Wings, Inc.*, Case No. 15-cv-6340-CJS, 2016 WL 1068201 (W.D.N.Y. Mar. 18, 2016) (following contested motion practice, the court authorized step one FLSA certification to a nationwide class, and over 5,000 servers and bartenders filed consents to join the case; after extensive discovery, the parties resolved the action on a collective action basis)

- *Steward v. Colonial Ice Cream, Inc. d/b/a Colonial Cafe & Ice Cream*, Case No. 1:15-cv-02284, ECF No. 100 (N.D. Ill. May 3, 2016) (certified settlement class of tipped employees alleging violations of the tip credit provisions of the Illinois Minimum Wage Law)

- *Zamudio v. Nick & Howard LLC d/b/a The Underground, et al.*, Case No. 15-cv-3917 (N.D. Ill.) (certified settlement class of servers and bartenders in lawsuit alleging violations of the Illinois Minimum Wage Law and the Illinois Wage Payment and Collection Act for unpaid minimum and other earned wages)

- *McDonnell v. Groupon*, Case No. 14 cv 9028 (N.D. Ill.) (certified settlement class of 2,024 inside account representatives and account executives alleging overtime misclassification violations under the Illinois Minimum Wage Law and the FLSA)

- *Wolverton v. Diversified Restaurant Holdings, Inc., et al.*, Case No. 2:14-cv-11333-VAR-DRG (E.D. Mich.) (collective action settlement involving hundreds of restaurant franchise employees)

- *Garcia v. JC Penney Corp., Inc.*, Case No. 12-cv-3687, 2016 WL 878203 (N.D. Ill. Mar. 8, 2016) (unpaid wage class action for over 36,000 employees)

- *Ortiz v. Manpower, Inc.*, Case No. 12-cv-5248 (N.D. Ill.) (unpaid wage class action for over 85,000 class members)

- *Rusin v. Chicago Tribune Company*, Case No. 12-cv-01135 (N.D. Ill.) (certified settlement class of field reporters in lawsuit alleging overtime misclassification

violations under the Illinois Minimum Wage Law)

- *Snoep v. Asia on Illinois LLC*, Case No. 12-cv-2387 (N.D. Ill.) (certified settlement class of tipped employees in lawsuit alleging violations of the tip credit provisions of the Illinois Minimum Wage Law)

- *Higgins v. Verizon North LLC*, Case No. 4:11-cv-1393 (E.D. Mo.) (appointed class counsel on behalf of settlement class members in lawsuit alleging off-the-clock violations under the Missouri Minimum Wage Law, FLSA, and common law)

- *Martignago, et al. v. Merrill Lynch & Co., Inc*., Case No. 11-cv-03923-PGG (multi-state class action certified for settlement for over 10,000 employees)

- *Peraza, et al. v. Dominick's Finer Foods, LLC*, Case No. 11-cv-8390 (N.D. Ill.) (certified settlement class of managers in lawsuit alleging overtime misclassification violations under the Illinois Minimum Wage Law and FLSA)

- *Gonzalez v. Fellowes, Inc.*, Case No. 10-cv-7682 (N.D. Ill.) (certified settlement class of day and temporary laborers who alleged they were not paid for the time they worked through their meal breaks in violation of the Illinois Wage Payment and Collection Act, Illinois Minimum Wage Law, Illinois Day and Temporary Labor Services Act, and FLSA)

- *Hopkins v. Theofanous Brothers, Inc.*, Case No. 10 CH 672 (Circuit Court of McHenry County, Chancery Division) (following contested motion practice, the court certified classes under the Illinois Minimum Wage Law for unpaid minimum wages and under the Illinois Wage Payment and Collection Act for unauthorized deductions)

- *O'Donnell v. AT&T Services, Inc.*, Case No. 10 CH 46886 (Circuit Court of Cook County, Chancery Division) (certified settlement class of IT analysts in lawsuit alleging overtime misclassification violations under the Illinois Minimum Wage Law)

- *Putman v. Galaxy 1 Marketing, Inc.*, Case No. 3:10-cv-72-JAJ-RAW (S.D. Iowa) (following contested motion practice, the court authorized step one FLSA certification, and thereafter satellite installers filed consents to join the case; after extensive discovery on plaintiffs' independent contractor misclassification claims, the parties resolved the action on a collective action basis)

- *Williams v. Volt*, Case No. 10-cv-3927 (N.D. Ill.) (unpaid wage class action for over 15,000 employees)

- *Barragan v. Evanger's Dog and Cat Food Co., Inc.*, Case No. 09-cv-227 (N.D. Ill.) (following contested motion practice, the court certified a Rule 23 class under the Illinois Minimum Wage Law for unpaid overtime wages)

- *Kernats v. Comcast Corp. Inc.*, Case Nos. 09 C 3368 and 09 C 4305, 2010 U.S. Dist. LEXIS 112071 (N.D. Ill. Oct. 20, 2010) (class certification granted for over 8,000 Illinois employees)

- *Arrez v. Kelly Services, Inc.*, Case No. 07-cv-1289 (N.D. Ill.) (appointed class counsel in settlement for 95,000 class members in lawsuit alleging violations of the Illinois Wage Payment and Collection Act for unpaid vacation pay benefits and of the Illinois Day and Temporary Labor Services Act for wage payment and notice violations)

- *Jimenez v. Yamuna Enterprises, Inc.*, Case No. 07 CH 20918 (Circuit Court of Cook County, Chancery Division) (following contested motion practice, the court certified classes under the Illinois Minimum Wage Law and Illinois Wage Payment and Collection Act for owed overtime, minimum wages, and other unpaid wages)

- *Driver v. AppleIllinois, LLC*, Case No. 06-cv-6149, 265 F.R.D. 293 (N.D. Ill. 2010) & *Driver,* No. 06-cv-6149 (N.D. Ill.) (class action for 19,000 tipped restaurant employees; decertification denied)

- *Polk v. Adecco*, Case No. 06 CH 13405 (Circuit Court of Cook County) (unpaid wage class action for over 36,000 class members)

- *Shaukat, et al. v. Wireless 4 U*, Case No. 06-cv-4214 (N.D. Ill.) (following contested motion practice, the court certified Rule 23 classes under Illinois, Arizona, and Missouri state law for the non-payment of commission wages)

**Significant Biometric Information Privacy Act Class Actions**
*Lead Counsel*

- *Thompson v. Matcor Metal Fabrication (Illinois) Inc.*, Case No. 2020-CH-00132 (Cir. Ct. Tazewell Cty., Ill.) (appointing Werman Salas P.C. as class counsel after a contested motion for class certification)

- *Briggs, et al. v. RhinoAG, Inc.*, Case No. 2019-CH-12 (Cir. Ct. Ford Cty., Ill.) (appointed class counsel in settlement for alleging Biometric Information Privacy Act claims based on use of biometric timekeeping equipment)

- *Bryant v. Compass Group USA, Inc., et al.*, Case No. 19-cv-06622 (N.D. Ill.) (appointed settlement class counsel in settlement for over 66,000 individuals alleging Biometric Information Privacy Act claims based on use of biometric vending machines)

Werman Salas P.C.
Firm Resume

- *Davis v. Heartland Employment Services, LLC*, Case No. 19-680 (N.D. Ill.) (appointed settlement class counsel in settlement for over 11,000 individuals alleging Biometric Information Privacy Act claims based on use of biometric timekeeping equipment)

- *Devose v. Ron's Temporary Help Services, Inc.*, Case No. 2019L1022 (Cir. Ct. Will Cty., Ill.) (appointed settlement class counsel in settlement for over 17,000 individuals alleging Biometric Information Privacy Act claims based on use of biometric timekeeping equipment)

- *Guerrero v. Bob's Discount Furniture, LLC*, Case No. 2019-CH-01046 (Cir. Ct. Cook Cty., Ill.) (appointed class counsel in settlement alleging Biometric Information Privacy Act claims based on use of biometric timekeeping equipment)

- *Hunter v. J.S.T. Corp.*, Case No. 2019 CH 00000929 (Cir. Ct. Lake Cty., Ill.) (appointed class counsel in settlement for employees alleging Biometric Information Privacy Act claims based on use of biometric timekeeping equipment)

- *Jones v. CBC Rest. Corp.*, Case No. 19-6736 (N.D. Ill. June 12, 2020) (appointed class counsel in settlement for 4,053 class members alleging Biometric Information Privacy Act claims based on use of biometric timekeeping equipment)

- *Phillips v. Warehouse Services, Inc.*, Case No. 2019-CH-01183 (Cir. Ct. Cook Cty., Ill.) (appointed class counsel in settlement alleging Biometric Information Privacy Act claims based on use of biometric timekeeping equipment)

- *Roach v. Walmart, Inc.*, Case No. 2019-CH-01107 (Cir. Ct. Cook Cty., Ill.) (appointed class counsel in settlement for 10,175 class members alleging Biometric Information Privacy Act claims based on use of biometric timekeeping equipment)

- *Adams v. World Hyundai of Matteson LLC*, Case No. 2018-CH-15640 (Cir. Ct. Cook Cty., Ill.) (appointed class counsel in settlement alleging Biometric Information Privacy Act claims based on use of biometric timekeeping equipment)

- *Alvarado v. Int'l Laser Prods., Inc.*, Case No. 18 C 7756, 2019 WL 3337995 (N.D. Ill. June 19, 2019) (contested certification of class alleging violations of the Biometric Information Privacy Act based on use of biometric timekeeping equipment)

- *Palacios v. H&M Hennes & Mauritz, LP*, Case No. 2018-CH-16030 (Cir. Ct. Cook Cty., Ill.) (appointing Werman Salas P.C. as class counsel after contested class certification motion and stating, "the Court has observed counsel's advocacy in this case and others and finds that Werman Salas P.C. will fairly and adequately protect the interests of the class.")

- *Kiefer v. Bob Evans Farms, LLC*, Case No. 17-L-112 (Cir. Ct. Tazewell Cty., Ill.) (appointed class counsel in settlement for 1,504 class members alleging Biometric Information Privacy Act claims based on use of biometric timekeeping equipment)

**Significant Telephone Consumer Protection Act Class Actions**
*Lead or Co-Lead Counsel*

- *Buchanan v. Sirius XM Radio Inc.*, Case No. 17-cv-728 (N.D. Tex.) ($32.4 million class action settlement for over 14 million class members)

**Our Attorneys:**

- **Douglas M. Werman,** *Partner*

Doug is the founding partner and managing shareholder of Werman Salas P.C. The focus of Doug's practice are collective and class actions arising under the Fair Labor Standards Act and state wage and hour laws. He has acted as lead or co-lead counsel in nearly a thousand individual, collective, and/or class action lawsuits across the United States.

Doug has served as counsel of record in scores of ground-breaking cases, including the successful appeal of *Ervin v. OS Restaurant Serv.*, 09-3029 (7th Cir. Jan. 18, 2011), which confirmed the ability of employees to litigate, in the same lawsuit, Fair Labor Standards Act collective action claims together with state law class action claims for owed minimum wages and overtime pay. He is on the Board of Editors of the leading treatise on the Fair Labor Standards Act, entitled, "Kearns, *The Fair Labor Standards Act*," and is a recurring speaker at Chicago and American Bar Association events, the National Employment Lawyers Association, the Illinois Institute for Continuing Education, and other legal conferences. Doug was on the working committees that helped author the Illinois Day and Temporary Labor Services Act, the 2006 amendments to the Illinois Minimum Wage Law, and the 2011 "Wage Theft" amendments to the Illinois Wage Payment and Collection Act. Recently, Doug was one of ten lawyers in the United States, working in conjunction with the Federal Judiciary Center, in drafting the Mandatory Initial Discovery Protocols to be used by the United States federal courts in Fair Labor Standards Act cases. Doug is also the proud recipient of the Thirteenth Annual Award for Excellence in Pro Bono Service awarded by the United States District Court for the Northern District of Illinois, in conjunction with the Chicago Chapter of the Federal Bar Association.

Doug graduated from Loyola University of Chicago School of Law in 1990. After his graduation, he worked at national management-side labor law firms until starting Werman Law Office P.C. in 2001, which became Werman Salas P.C. on January 1, 2014. As a defense lawyer, Doug represented a broad range of clients in many business areas including telecommunications, retail, transportation, waste management, insurance, warehousing, and construction. His work on behalf of employers included extensive experience performing human resource counseling and appearing before the National Labor Relations Board, including unfair labor practice proceedings and union representation cases.

- **Maureen A. Salas,** *Partner*

Maureen is a highly knowledgeable and skilled class action litigator who is dedicated to obtaining successful results for her clients. Maureen has delivered outstanding results to her clients by winning trials, winning summary judgment motions, and by negotiating favorable settlements for her clients.

Maureen began working at Werman Salas P.C. in 2006 and became a shareholder in 2013. She primarily represents employees in class and collective action wage and hour litigation, and she has had tremendous success recovering wages for workers across the nation in a variety of industries. Maureen has recovered tens of millions of dollars for working people during her tenure with the firm. Maureen also prides herself in delivering excellent service and results to the clients she represents in single plaintiff employment matters involving claims for discrimination, retaliatory discharge, and claims under the Family Medical Leave Act.

Maureen's commitment to her practice of representing workers extends outside the courtroom. Maureen served as a Contributing Editor for the leading treatise on the Fair Labor Standards Act, entitled, "Kearns, *The Fair Labor Standards Act*" (2010). She also serves as a Chapter Editor for the American Bar Association's Federal Labor Standards Legislation Committee's Midwinter Treatise.

Maureen has been asked to share her knowledge and experience with her peers and has served as a speaker on esteemed panels on a national and local level. She had the privilege of speaking on the topic of employee misclassification at the American Bar Association's Labor and Employment Law Conference in 2017 and at its Annual Meeting in 2012. Maureen also had the honor of speaking on multiple occasions for the National Employment Lawyers Association, an organization that advances employee rights and advocates for equality and justice in the American workplace. Maureen has spoken on a local level for the Chicago Bar Association and the Illinois Bar Association on topics related to wage and hour litigation and pregnancy discrimination.

Maureen received her Juris Doctor degree, *summa cum laude*, from DePaul University College of Law in May 2006, and she was elected into the Order of the Coif in recognition of her scholastic excellence. Maureen also earned the distinction of becoming a Quarter-Finalist in the 2006 Wagner Competition, the nation's largest student-run appellate moot court competition and the premier competition dedicated exclusively to the areas of labor and employment law. As a law student, Maureen also worked as an intern for the Equal Employment Opportunity Commission. Maureen received her Bachelor of Science degree, *magna cum laude*, in Public Administration from the University of Arizona in 2002.

- **Sarah J. Arendt,** *Partner*

Sarah Arendt represents employees in class, collective, and individual actions to recover unpaid minimum wages, overtime compensation, and other owed wages and penalties. A federal court has called Sarah a "highly respected and experienced lawyer" in wage and hour law. She was included on the Super Lawyers' Illinois Rising Stars List in 2019-2022.

Sarah takes on wage theft in all its forms. She has represented federal employees seeking owed overtime and night pay from the U.S. Government, inside sales representatives who were misclassified as managers by their tech firm and big-box employers, tipped workers who were not paid the minimum wage by restaurant franchises across the country, and home health and companion care workers who work 24-hour shifts in the homes of their employer's clients. Sarah has also recovered hundreds of thousands of dollars for employees who have been discriminated against on the basis of their age, national origin, sex, sexual orientation, and military service, and who have experienced sexual harassment. She has represented clients before the Equal Employment Opportunity Commission and the Illinois Department of Human Rights.

Sarah is also an ardent advocate for workers outside the office. She is a Contributing Editor to the leading treatise on the Fair Labor Standards Act, "Kearns, *The Fair Labor Standards Act*" (2010). She is a frequent speaker at National Employment Lawyers Association conferences and has spoken about state and local vacation pay legislation at the Chicago-Kent College of Law. Sarah was the recipient of LAF Chicago's 2015 Volunteer of the Year Award for their Violence Against Women Act and U Visa Pro Bono Project. She is a former Peggy Browning fellow and the current Co-Coordinator of the Peggy Browning Alumni Association – Chicago Chapter, which encourages law students and young attorneys to pursue careers in union-side labor law. Sarah is also a member of the Women Employed Advocacy Council and Quality Jobs Council, where she helped author an amendment to the Illinois Equal Pay Act preventing employers from inquiring about a job applicant's salary history.

Sarah received her J.D. from the University of Chicago Law School. During law school Sarah worked to overturn the convictions of wrongly accused prisoners through The Exoneration Project clinic. She also worked as a research assistant to Professor Tom Ginsburg and Dean Thomas J. Miles. Sarah received her Bachelor of Arts degree, *summa cum laude,* from the University of Minnesota – Twin Cities.

- **Sally Abrahamson,** *Partner*

Throughout her career, Sally has recovered over $100 million dollars for workers and has litigated and settled cutting edge cases. Sally is nationally recognized as an aggressive litigator, who can also work effectively with the other side when a deal can be made.

Notably, Sally has litigated some of the biggest cases in the country against national chain restaurants and recovered tens of millions of dollars for tipped workers. She litigates a wide range of wage-and-hour cases on behalf of service employees, technicians, and sales employees (among others). Sally also litigates disparate impact discrimination cases, including *Cote v. Walmart*, which resulted in a $7.5 million class action settlement on behalf of Walmart associates who were unable to obtain health insurance coverage for their same-sex spouses from Walmart. In 2017, Sally won Public Justice's prestigious Trial Lawyer of the Year Award as part of the litigation team in a class action against the Census Bureau. The case challenged the use of arrest and criminal history records as a screen for employment for 850,000 applicants, and in 2016, the parties reached a landmark settlement that required the Census Bureau to reform its hiring practices for the 2020 decennial census.

Prior to joining Werman Salas P.C. in 2020, Sally was a partner at Outten & Golden LLP, a plaintiff-side employment firm with a national presence. Sally also previously worked as a staff attorney at the D.C. Employment Justice Center, where she won two bench trials. She clerked for the Honorable Frank Montalvo, U.S. District Judge in the Western District of Texas, El Paso Division. In addition to serving as Judge Montalvo's law clerk, Sally drafted speeches and papers in Spanish on topics ranging from arbitration to due process in support of Judge Montalvo's position on the Committee on International Judicial Relations.

Sally speaks frequently about issues facing LGBTQ employees and low-wage workers. She has won several awards and received national recognition for her litigation skills, including:

- Super Lawyers Super Lawyer: 2020

- Super Lawyers Rising Star: 2016-2019

- Legal 500 United States Recommended Labor and Employment Lawyer 2019-2020

- Finalist for Public Justice's Trial Lawyer of the Year Award 2018

- Trial Lawyer of the Year Award, Public Justice, Gonzalez v. Pritzker 2017

- National LGBT Bar Association Best LGBT Lawyers Under 40 – Class of 2017

Sally received her B.A. from Oberlin College and her J.D., with honors, from American University's Washington College of Law where she received the Dean's Award for Professional Responsibility – Outstanding Student in the Clinical Program for her work with the Domestic Violence Clinic.

- **Anne Kramer,** *Associate*

Anne Kramer joined Werman Salas P.C. in 2023 as an Associate Attorney. She is a member of the California and Massachusetts state bars.

Prior to joining Werman Salas, Anne worked at the forefront of independent contractor misclassification cases involving "gig economy" workers in California and Massachusetts. Anne has taken on numerous "gig economy" companies, including Uber, Lyft, Grubhub, Caviar, and Shipt, and her efforts have resulted in millions of dollars in the pockets of misclassified workers. In addition to bringing claims against these "gig economy" companies in state and federal courts, Anne successfully pioneered techniques that allowed her to represent thousands of clients in individual arbitrations simultaneously. Anne has also litigated numerous wage and hour and discrimination cases on behalf of employees nationwide, including agricultural workers, tipped employees, and technical professionals.

Anne received her J.D. from Boston College Law School. During law school, Anne focused her studies on civil rights and graduated as a Public Interest Designation Fellow. She served as a student-attorney in the Juvenile Rights Advocacy Project, where she represented court-involved youth in the Greater Boston Area. Anne was also an active member of the Boston College Law School chapter of the National Lawyers Guild.

- **John Frawley,** *Associate*

John Frawley represents victims of unlawful employment practices in individual and collective suits across the country.

Before joining Werman Salas in 2023, John worked for nationally recognized firms on both the plaintiff side and the defense side. He gained valuable experience in class actions and complex commercial litigation in state and federal courts. He also spent a year clerking for Chief Judge Waverly D. Crenshaw, Jr. of the U.S. District Court for the Middle District of Tennessee. In that role, he oversaw numerous employment cases brought under the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, and the Americans with Disabilities Act.

Throughout his career, John has maintained an active pro bono practice. He has helped obtain asylum for a woman fleeing a foreign cartel, clemency for a prisoner sentenced under a three-strikes law, injunctive relief for a survivor of domestic violence, and freedom from prosecution for a young man police targeted for an unconstitutional stop-and-search.

John's commitment to public interest work preceded his legal career. Before law school, he spent three years working with Teach For America, first as an elementary school teacher in Detroit and later as a supervisor in the Mississippi Delta.

John received his law degree from Yale Law School. There, he dedicated extensive time to legal clinics aiding underprivileged clients. He also competed in the Morris Tyler Moot Court of Appeals Competition, where he was a finalist for best opening round brief and an overall semifinalist.

- **Joseph Salvi,** *Associate*

Joseph Salvi represents employees subjected to wage theft and other unlawful employment practices in individual and collective suits across the country.

Prior to joining Werman Salas in 2022, Joe was an Assistant State's Attorney in both Cook and Lake County, Illinois. As an ASA, Joe prosecuted traffic, misdemeanor, and felony juvenile cases. He was responsible for dozens of matters at all times, handling cases from arraignment to disposition. Joe gained a reputation as a fearless litigator as the lead prosecutor on dozens of trials, both bench and jury.

Joe graduated from the University of Illinois College of Law (Champaign/Urbana) in 2020, where he represented victims of abuse and neglect in the law school's Family Advocacy Clinic. Joe also worked at the Technical Review Unit in the Illinois General Assembly and the Drug Enforcement Administration while in law school. In college, Joe graduated *cum laude* with a degree in political science from American University, where he was a two-year starter on the wrestling team.

# ATTACHMENT B

Hello, Thank you for contacting me. Unfortunately I am excluding myself for personal reasons.

That check would interfere with my disability benefits.

Case No.1:19-cv-01575  (N.D.Ill.2019)


Please reply as to you received this and it has been noted.

Thank you in advance


Darci Sanders

779-

# ATTACHMENT C

Starts v. Little Caesar Enterprises, Inc., Case No. 1:19-cv-01575 (N.D.Ill. 2019)


See Attachment


Spencer Drake

██████████████

936-███████
███████


I, Spencer Drake, wish to be excluded from this settlement.


Spencer Drake

