# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BRIANNA STARTS, on behalf of herself and all other persons similarly situated, known and unknown, | ) Case No.: 1:19-cv-01575 ) ) ) |
| *Plaintiff,* | ) **DECLARATION OF** ) **ABIGAIL SCHWARTZ** |
| v. | ) **FOR RUST CONSULTING, INC**. ) |
| LITTLE CAESAR ENTERPRISES, INC., | ) ) |
| *Defendant.* | ) ) ) ) ) ) ) ) |

I, Abigail Schwartz, declare as follows:

      1.     I am a Program Manager for Rust Consulting, Inc. ("Rust"). My business address is 920 2nd Ave S, Suite 400, Minneapolis, Minnesota 55402. My telephone number is (612) 359-2078. I am over twenty-one years of age and am authorized to make this declaration on behalf of Rust and myself.

      2.     Rust has extensive experience in class action matters, having provided services in class action settlements involving antitrust, securities fraud, property damage, employment discrimination, employment wage and hour, product liability, insurance and consumer issues. We have provided notification and/or claims administration services in more than 8,000 cases. Of these, approximately 3,750 were Labor & Employment cases.

3.     Rust was engaged by Counsel for the Plaintiff and Counsel for the Defendant (collectively the "Parties") to provide notification services in the Starts v. Little Caesar Enterprises, Inc. Settlement ("Settlement"). Duties included: a) preparing, printing and mailing of the *Notice Of Class Action Settlement* ("Class Notice"), via mail and e-mail to available e-mail addresses; b) tracking of exclusions and objections; and c) for such other tasks as the Parties mutually agree or the Court orders Rust to perform.

4.     Rust obtained a mailing address of Starts v Little Caesars Settlement Administrator, c/o Rust Consulting, Inc - 8407, P.O. Box 2396, Faribault, Minnesota 55021-9096 to receive exclusions, objections, undeliverable Class Notices and other communications regarding the Settlement.

5.     Rust obtained a toll-free telephone number of (888) 356-0296 for Settlement Class Members to call with questions regarding the Settlement. The toll-free telephone number was included in the Class Notice.

6.     Rust obtained an email address of admin@LCEBIPAclaim.com for receiving communications about the Settlement. The email address was included in the Class Notice.

7.     On or about September 11, 2023, Rust received text for the Class Notice from Counsel. A draft of the formatted Class Notice was prepared by Rust and approved by the Parties. Attached as Exhibit A is a copy of the final Class Notice.

8.     On or about September 21, 2023, Counsel for the Defendant provided Rust with a mailing list containing Settlement Class Member's names, last known addresses, available e-mail addresses and telephone numbers ("Class List"). The Class List contained data for 8,398 Settlement Class Members.

9.     The mailing addresses contained in the Class List were processed and updated utilizing the National Change of Address Database ("NCOA") maintained by the U.S. Postal Service. The NCOA contains requested changes of address filed with the U.S. Postal Service. In the event that any individual had filed a U.S. Postal Service change of address request, the address listed with the NCOA would be utilized in connection with the mailing of the Class Notice.

DECLARATION OF ABIGAIL SCHWARTZ FOR RUST CONSULTING, INC.

10. On October 6, 2023, Class Notices were mailed to 8,398 Settlement Class Members contained in the Class List via First Class mail. Of the 8,398 Settlement Class Members who were mailed a Class Notice via First Class mail, 1,184 Settlement Class Members were also sent a Class Notice via e-mail to an available e-mail address in the Class List. The Class Notice advised Settlement Class Members that they could submit an exclusion and/or objection postmarked by December 5, 2023.

11. Rust performed 1,577 address traces on Class Notices returned as undeliverable for the first time as of December 5, 2023. The address trace utilizes the Settlement Class Member's name and previous address for locating a current address. Of the 1,577 traces performed, 1,177 more current addresses were obtained and Class Notices were promptly re-mailed to those Settlement Class Members via First Class mail. Of the 1,577 traces performed, Rust did not obtain updated addresses for 400 undeliverable Class Notices. Of the 1,177 Class Notices mailed to a more current address identified from trace, 195 Class Notices were returned to Rust as undeliverable a second time. As of this date, 595 Class Notices remain undeliverable.

12. As of this date, 32 Class Notices were returned by the Post Office with forwarding addresses attached as of December 5, 2023. Rust promptly re-mailed Class Notices to those Settlement Class Members via First Class mail.

13. As of this date, Rust received two (2) exclusions. Of the exclusions received, two (2) were submitted with a postmark on or before December 5, 2023.

14. As of this date, Rust received zero (0) objections.

15. As of this date, one (1) self-identifying Settlement Class Member, who was not included in the Class List, contacted Rust to request inclusion in the Settlement Class ("self-ids"). Per the instruction Rust received from Counsel, the information regarding the one (1) self-id was forwarded to Counsel for the Defendant for research to determine if the self-id is included in the Settlement Class. On or about November 9, 2023, Rust received notification from Counsel for the Defendant that the one (1) self-id shall not be added to the Settlement Class.

16.     The total cost for the administration of this Settlement, including fees incurred and future costs for completion of the administration is estimated to be $35,500.00.

17.     I declare under penalty of perjury that the above is true and correct to the best of my knowledge and that this Declaration was executed this 8th day of December 2023, at Minneapolis, MN.

ABIGAIL SCHWARTZ

DECLARATION OF ABIGAIL SCHWARTZ FOR RUST CONSULTING, INC.

# Exhibit A

STARTS V LITTLE CAESARS SETTLEMENT ADMINISTRATOR
C/O RUST CONSULTING INC - 8407
PO BOX 2396
FARIBAULT MN 55021-9096

**IMPORTANT LEGAL MATERIALS**

Claimant ID #: <<barcode39>>

* B A R C O D E 3 9 * - UAA - <<SequenceNo>>

<<Name1>>
<<Name2>>
<<Name3>>
<<Name4>>
<<Address1>>
<<Address2>>
<<Address3>>
<<City>> <<State>> <<Zip10>>
<<CountryName>>

## NOTICE OF CLASS ACTION SETTLEMENT

*Starts v. Little Caesar Enterprises, Inc.*, Case No. 1:19-cv-01575 (N.D. Ill. 2019)

### 1. Introduction

A federal court in Chicago preliminarily approved a class action Settlement in the lawsuit *Starts v. Little Caesar Enterprises, Inc.*, Case No. 1:19-cv-01575 (N.D. Ill. 2019) (the "Lawsuit"). The Court has approved this Notice to inform you of your rights in the Settlement. As described in more detail below, you may:

(1) do nothing, receive a Settlement payment, and give up certain legal claims you have;

(2) exclude yourself from the Settlement, not receive a Settlement payment, and not give up any legal claims; or

(3) object to the Settlement.

Before any money is paid, the Court must first decide whether to grant Final Approval of the Settlement.

### 2. What Is this Lawsuit About?

The Lawsuit, brought by Brianna Starts ("Settlement Class Representative"), a former employee of Little Caesar Enterprises, Inc. ("Defendant"), alleges that Defendant violated the Illinois Biometric Information Privacy Act ("BIPA") by utilizing a timekeeping system which scanned employees' finger(s) while working in Illinois without complying with BIPA's requirements. The Lawsuit alleges that Defendant violated BIPA by collecting alleged biometric data from its employees in Illinois through an alleged biometric timekeeping system without first providing written notice or obtaining written consent. The Lawsuit also alleges that Defendant possessed biometric data of its employees without creating and following a written policy establishing a retention schedule and destruction guidelines for its possession of this data.

Defendant denies the allegations in the Lawsuit, denies that it violated the BIPA or any other law, and maintains that it complied with the law.

A Settlement was agreed to by the parties to avoid the costs and expense of further litigation and the risks associated therewith. The Court has not decided the merits of the claims against Defendant or Defendant's defenses to those claims.

You can learn more about the Lawsuit by contacting the Settlement Administrator, Rust Consulting, at **1-888-356-0296**.

### 3. Who Is Included in the Settlement?

The Settlement includes all employees of Defendant who enrolled in or used a finger-scan timekeeping system while working for Defendant in Illinois from January 29, 2014 through January 14, 2019 ("the Class" or "Class Members"). Defendant estimates that there are approximately 8,407 Class Members.

- 1 -

| 4. | **What does the Settlement Provide?** |
|---|---|

To resolve this matter without the expense, delay, and uncertainties of further litigation, the Parties have reached an agreement to settle the Lawsuit.

As part of the Settlement, Defendant has agreed to pay $6,997,810 (the "Gross Fund") to settle the Lawsuit and resolve the claims of Class Members. Subject to Court approval, the following will be deducted from the Gross Fund: (1) an award of up to one third of the Gross Fund for Settlement Class Counsel's attorneys' fees (estimated to be $2,332,603.33); (2) Settlement Class Counsel's litigation costs (estimated to be less than $30,000); (3) a Service Award of $15,000 to the Settlement Class Representative; and (4) the Settlement Administrator's costs (estimated not to exceed $35,500). Following these deductions, the Settlement Administrator will use the remaining funds (the "Net Fund") to make payments to Settlement Class Members who do exclude themselves from the Settlement. The Parties estimate that Class Members who do not exclude themselves from the Settlement will receive a payment of approximately $545.34.

Unless you exclude yourself from the Settlement, as explained below, you will give up your right to file or continue a lawsuit against Defendant and other Releasees and will release any and all BIPA and other released claims against Defendant and the other Releasees (as defined in the Settlement Agreement), whether pursuant to BIPA or any other related federal, state, and local law, including under the common law, as well as related claims for liquidated or actual damages, penalties, specific performance, injunctive relief, attorney fees and costs, expenses, and interest. The full release of claims is set forth in the Settlement Agreement, which you can review by requesting a copy from the Settlement Administrator.

| 5. | **What Are Your Options?** |
|---|---|

(1) **Do nothing and receive a Settlement payment.** If you want to receive a Settlement payment, you do not need to do anything. If you do nothing, and the Court grants Final Approval of the Settlement, you will be mailed your Settlement payment and be bound by the Settlement Agreement and its terms, including the Released Claims. If required by law, you may also be sent a 1099 tax reporting form.

(2) **Exclude yourself from the Settlement and receive no Settlement payment.** If you do not want to be legally bound by the Settlement, you must exclude yourself from the Settlement by **December 5, 2023**. If you do this, you will NOT get a Settlement payment. To exclude yourself, you must mail or email your written request for exclusion to the Settlement Administrator (contact information below) by DECEMBER 5, 2023. Your written request for exclusion must include your full name, address, telephone number, the last four digits of your Social Security Number, and a statement that you wish to be excluded from the Settlement. It must also be signed by you. If you exclude yourself, you will not receive money from this Settlement, but you will keep your legal rights regarding any claims that you may have against Defendant and the other Releasees.

(3) **Object to the Settlement.** You may object to the Settlement by **December 5, 2023**. If you want to object to the Settlement, you must mail or email a written objection to the Settlement Administrator (contact information below), which includes the case name and number; the basis for and an explanation of the objection; your name, address, telephone number and e-mail address; a list of any other objections filed by you or on your behalf in any other class action cases; a statement of whether you are represented by counsel, and if so, a list of all objections filed by that counsel; a statement of whether you intend to appear at the Final Approval Hearing with or without counsel; and a statement of whether you have received any payment in exchange for making the objection. If you intend to appear at the Final Approval Hearing, you must also identify any witnesses you may seek to call to testify, and all exhibits you intend to seek to introduce into evidence at the Final Approval Hearing. Any objection must also be personally signed by you. If you exclude yourself from the Settlement, you cannot file an objection.

| 6. | **How Do I Update my Contact Information?** |
|---|---|

You must notify the Settlement Administrator of any changes in your mailing address so that your Settlement payment will be sent to the correct address. To update your address, contact the Settlement Administrator, listed below.

| 7. | **Who Are the Attorneys Representing the Class and How Will They Be Paid?** |
|---|---|

The Court has appointed Settlement Class Counsel, identified below, to represent Settlement Class Members in this Settlement. Settlement Class Counsel will request up to one third of the Gross Fund as attorneys' fees plus reimbursement of their litigation expenses. You will not have to pay Settlement Class Counsel from your Settlement payment or otherwise.

You can obtain a copy of the Class Counsel's request for attorney's fees from the Settlement Administrator. You also have the right to hire your own attorney at your own expense.

> Douglas M. Werman
> Maureen A. Salas
> Werman Salas P.C.
> 77 W. Washington St., Suite 1402
> Chicago, IL 60602
> (312) 419-1008
> dwerman@flsalaw.com
> msalas@flsalaw.com

## 8.  When is the Final Approval Hearing?

The Court will hold a hearing in this case on December 20, 2023 at 10:00 am. in the Dirksen Federal Building, 219 S. Dearborn, Courtroom 1225, Chicago, Illinois, to consider, among other things, (1) whether to grant Final Approval of the Settlement; (2) a request by the lawyers representing Settlement Class Members for an award of up to one third of the Settlement as attorney fees, plus their litigation expenses; (3) a request for a Service Award to the Class Representative; and (4) a request for the Settlement Administrator's costs. You may appear at the hearing in person or by telephone (#866-434-5269, pin 3751971#), but you are *not* required to do so.

If you have any questions or for more information, contact the Settlement Administrator at:

> Starts v Little Caesars Settlement Administrator
> c/o Rust Consulting, Inc. - 8407
> PO Box 2396
> Faribault, MN 55021-9096
> (888) 356-0296
> admin@LCEBIPAclaim.com

**PLEASE DO NOT CONTACT THE COURT, DEFENDANT OR DEFENDANT'S COUNSEL FOR ADDITIONAL INFORMATION ABOUT THIS SETTLEMENT.**